(No. 58097.—)

JAMES FOUTCH, Appellee, v. RAYMOND O'BRYANT
et al., Appellants.

*Opinion filed January 20, 1984.*

Stansell, Critser & Whitman, of Monmouth (Richard L. Whitman, Sr., of counsel), for appellants.

No appearance for appellee.

JUSTICE WARD delivered the opinion of the court:

James Foutch filed a complaint on February 7, 1979, in the circuit court of Knox County to recover for services performed and to impose a mechanic's lien on real estate of the defendants. Raymond O'Bryant and Terry Hainline, the defendants, filed an answer on March 14, 1979, denying the allegations in the complaint. On March 12, 1982, the cause was called for trial, but the defendants did not appear. An *ex parte* hearing was held, and the court entered judgment for the plaintiff in the amount of $3,119.80 on March 29, 1982. On April 23, 1982, the defendants filed a motion to vacate the judgment order which was denied on May 17, 1982, by the trial court. The appellate court, in a Rule 23 order (87 Ill. 2d R. 23) affirmed the circuit court. (110 Ill. App. 3d 1205.) We granted the defendants petition for leave to appeal under Rule 315 (87 Ill. 2d R. 315). Plaintiff did not file a brief in this court.

After defendants had filed their answer, the trial court scheduled a docket call for December 11, 1981, at which time cases on the docket would be assigned trial dates. On December 11 a trial date for this cause was set for March 12, 1982. The defendants claim that they never received notice of the December 11, 1981 docket

call or notice that trial was set for March 12, 1982. The defendants claim that they learned of the March 29, 1982, *ex parte* judgment only through a credit bureau publication.

The defendants filed a motion to vacate the March 29, 1982, judgment order within 30 days of the date of judgment under section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 50(5)), which now is section 2—1301(e) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1301(e)). That section provides that a court has discretion to vacate a judgment on a motion filed within 30 days of the entering of the judgment. At the hearing on May 10, 1982, on the motion to vacate, both plaintiff and defendants were represented by counsel, arguments were made, and it seems from the court's order of denial that evidence was presented. We say that it seems so because there was no court reporter present and there is no transcript of evidence or any report of proceedings. The trial court's denial of the motion to vacate did not state specific grounds for the denial.

The appellate court, in affirming the trial court, stated, *inter alia*, that since there was no record to show the reasons given by the trial court for denying the motion to vacate, the appellate court had to presume that the trial court acted in conformity with the law and ruled properly after considering the motion. The appellate court's affirmance was proper. From the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant.

As was pointed out in *Chicago City Bank & Trust Co. v. Wilson* (1980), 86 Ill. App. 3d 452, 454, an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of er-

ror, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant. (*Block & Co. v. Storm Printing Co.* (1976), 40 Ill. App. 3d 92, 96; *Sandberg v. American Machining Co.* (1975), 31 Ill. App. 3d 449, 452.) As there is no transcript of the hearing on the motion to vacate here, there is no basis for holding that the trial court abused discretion in denying the motion. *Libco Corp. v. Roland* (1981), 99 Ill. App. 3d 1140.

Our Rule 323(a), in describing the report of proceedings, states that it "may include evidence, oral rulings of the trial judge, a brief statement of the trial judge of the reasons for his decision, and any other proceedings that the party submitting it desires to have incorporated in the record on appeal." (87 Ill. 2d R. 323(a).) There was no report of proceedings filed. Nor is there a bystander's report which is authorized under Rule 323(c) (87 Ill. 2d R. 323(c)), nor an agreed statement of facts filed by the appellant which is authorized by Rule 323(d) (87 Ill. 2d R. 323(d)). All that appears before us is the complaint, an answer of the defendant which simply denies some allegations of the complaint and admits others, the judgment order of March 29, 1982, the motion of the defendant to vacate the judgment of April 23, 1982, and the order of May 17, 1982, denying the motion to vacate.

The appellate court's opinion made reference to an affidavit of a deputy of the circuit court clerk's office stating that the defendants had not been sent notice of the setting of the trial date, but the affidavit was not in the materials before us. We did secure the affidavit, attached to a motion by the appellant to strike portions of the appellee's brief, from the appellate court clerk's office. (The appellee's brief had stated that the matter had

been set on December 10, 1981, for a pretrial conference and that evidence presented at the hearing on the motion to vacate on May 10, 1982, showed the order had been mailed to counsel of record. The materials obtained from the appellate court clerk's office showed that this motion to strike had been taken with the case. No final disposition of the motion is shown, however.) The affidavit of Shirley Carpenter, the deputy, in part stated that neither she nor any other member of the clerk's office sent counsel for the defendants a copy of an order setting the case for trial on March 12, 1982. The affidavit further stated that the affiant had "no recollection of giving sworn testimony at [the] hearing" in May 1982. However, the appellant's motion to strike a portion of the appellee's brief, after pointing out that the affidavit states that Shirley Carpenter did not testify, says that she "only made off the record statements to the court." It thus appears that there were statements made by the deputy clerk to the trial court at the time of the hearing on the motion to vacate. What they were is unknown. The materials obtained from the appellate court clerk's office include an affidavit provided by the trial judge stating that he did not have any "independent recollection of the specifics of what was said at the hearing, nor do I recall any sworn testimony being offered."

The order of the trial court, which denied the motion to vacate the judgment, notes that counsel for the parties were present and that the court "having heard the evidence, adduced the arguments of counsel and now being fully advised in the premises, finds: (1) That the defendants' motion should not be granted." It must be presumed that the denial of the motion was in conformity with the law and was properly supported by evidence. In *Skaggs v. Junis* (1963), 28 Ill. 2d 199, the plaintiff complained because the record failed to disclose the evidence heard by the trial court in support of an

award made by the court. The plaintiff contended that it must be assumed that none was heard and that the award was, therefore, improper. In rejecting the contention, this court held: "The court stated that its order was based upon 'the Court having heard the evidence and the arguments of counsel and being fully advised in the premises.' In such a situation, unless there is a contrary indication in the order or in the record, it is presumed that the court heard adequate evidence to support the decision that was rendered. (*Smith v. Smith*, 36 Ill. App. 2d 55.) Where it is alleged that the evidence presented was actually insufficient to support the court's finding, the burden of preserving said evidence rests with the party who appeals from said order. No record of the evidence heard on May 23 and 24 regarding the commission's claim is before this court and, therefore, it must be assumed that the evidence that was heard fully supported the court's finding that the commission was entitled to $3,989.40." (28 Ill. 2d 199, 201-02.) The holding in *Skaggs* applies here.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*