(No. 89076

ROBERT EUGENE WEBSTER, Appellant, v. EDWIN HARTMAN, Appellee.

*Opinion filed April 19, 2001.—Rehearing denied June 4, 2001.*

Michael J. Costello, of Springfield, for appellant.

Heyl, Royster, Voelker & Allen (Karen L. Kendall and Craig L. Unrath, of Peoria, and Kurt M. Koepke, of Springfield, of counsel), for appellee.

JUSTICE FITZGERALD delivered the opinion of the court:

Plaintiff, Robert Eugene Webster, filed a personal injury action against defendant, Edwin Hartman, in the circuit court of Sangamon County. Several years later, the circuit court granted defendant's motion to enforce a settlement agreement against plaintiff and dismissed plaintiff's cause of action with prejudice. Plaintiff appealed. The appellate court affirmed the order of the circuit court, holding that, absent a sufficient record on appeal, it must presume that the order of the circuit court enforcing the settlement agreement was in conformity with the law and had a sufficient factual basis. 309 Ill. App. 3d 459, 460. The appellate court also held that, regardless of where the burden of proof may lie in the trial court, the burden of providing a sufficient record on review always lies with the party who is claiming that the trial court erred: in this case, the plaintiff. 309 Ill. App. 3d at 461. We granted plaintiff's petition for leave to appeal and now affirm the judgment of the appellate court.

## BACKGROUND

On February 10, 1994, plaintiff sued defendant for injuries he allegedly sustained during an automobile collision at an intersection in Springfield, Illinois, in February 1992. Litigation ensued until 1998, when, according to the court docket, the "case settled."

Prior to settlement, the common law record indicates, the parties repeatedly quarreled over discovery issues. During a three-year period, defendant filed multiple motions to compel discovery responses. On December 6, 1995, defendant filed a motion for judgment resulting from plaintiff's failure to comply with a discovery order entered by the trial court. Two weeks later, plaintiff's attorney, with permission of court, withdrew as counsel for plaintiff. Plaintiff's attorney withdrew because "[plaintiff] has substantially failed to fulfill obligations to me and has made it unreasonable [sic] difficult for my firm to represent him, in particular, my client has failed to communicate and respond to correspondence in a timely manner and has failed to follow instructions and act upon affiant's advice." Approximately one month later, a second attorney, Kevin Harris, entered his appearance for plaintiff. Defendant withdrew his motion for judgment. On December 2, 1996, Harris moved to withdraw as counsel for plaintiff because "[p]laintiff's failure to assist counsel by providing information imperative to his case precludes counsel's effective representation." The court granted Harris' motion to withdraw, and again, defendant filed a motion for judgment on the basis that no attorney entered an appearance in the action.

On February 20, 1997, at the scheduled hearing on defendant's motion for judgment, a third attorney represented plaintiff. The common law record is void of information regarding the proceedings at this hearing. Briefs by the parties indicate that the motion was either withdrawn or continued for hearing and never argued. Notwithstanding, plaintiff's lawsuit continued and defendant filed supplemental interrogatories on April 14, 1997. Plaintiff failed to answer these interrogatories and defendant, again, moved to compel plaintiff to answer them.

Prior to June 1997, plaintiff's second attorney, Harris, returned as counsel for plaintiff. The date of his

return is unclear but not disputed by the parties. After June 1997, Harris appeared on behalf of plaintiff at various court hearings, is listed as plaintiff's counsel on various court documents, signed and filed multiple court motions, and is listed as the recipient of discovery served by defendant.

The trial court initially set the case for a jury trial on November 19, 1997. By agreement of both parties, the matter was continued to January 12, 1998. On December 23, 1997, plaintiff moved to continue the trial a second time. Harris appeared before the court for a hearing on plaintiff's motion to continue. The trial court entered a case management order specifying, in part, the following schedule: (1) plaintiff to disclose opinion witnesses by March 15, 1998; (2) all discovery to be concluded by September 15, 1998; and (3) cause set for docket call September 1998.

After the close of discovery, on September 23, 1998, plaintiff moved to amend the case management order to extend discovery to January 1, 1999. Plaintiff claimed that his referral to five new treating physicians warranted additional time to conduct discovery and evidence depositions. Specifically, plaintiff sought to depose Dr. Charles Aprill of the Magnolia Clinic in New Orleans, Louisiana, and Dr. Stephen Pneda of the Memorial Medical Center Pain Management Clinic in Springfield, Illinois. Defendant responded with a motion to "set a trial date certain," a motion to compel, and a motion to bar plaintiff's expert testimony. Defendant argued that the case inactivity, the age of the case, plaintiff's failure to seek the extension prior to the discovery cut-off, and plaintiff's continued failure to comply with discovery warranted an order setting a trial date certain, as well as an order barring plaintiff's experts. On October 6, 1998, the trial court granted defendant's motion to "set a trial date certain," motion to compel, and motion to bar expert

testimony. The court further denied plaintiff's motion to amend the case management order.

On November 5, 1998, plaintiff filed a motion to reconsider the trial court's order denying his motion to amend the case management order and extend discovery. In support of this motion, plaintiff attached a copy of a report by Dr. Aprill. In this report Dr. Aprill diagnosed plaintiff with "Tired Neck Syndrome." Plaintiff argued that the trial court should reconsider its previous order and extend expert discovery because this report contained the "first definitive diagnosis" causally relating his symptoms to the accident.

The trial court docket states that five days later, on November 10, 1998, the "case settled." On November 13, 1998, defendant filed a motion to enforce settlement stating: "[a]fter receiving the court's ruling [the October 6, 1998, order barring plaintiff from offering any opinion testimony] this matter was settled for $10,000.00." Defendant sought to enforce settlement through the court because plaintiff failed to execute and return dismissal and release documents. On December 7, 1998, Harris and counsel for defendant appeared in court for a hearing on defendant's pending motion to enforce settlement. The Sangamon County docket entry for this hearing states, "Present attorneys Koepke and Harris. Cause called for hearing on defendant's motion to enforce settlement. Motion allowed. Plaintiff's motion to reconsider denied. Case dismissed with prejudice. Cause stricken."

On January 5, 1999, plaintiff filed a timely *pro se* notice of appeal on the basis that he did not agree to the settlement. The appellate court affirmed the decision of the trial court. 309 Ill. App. 3d 459. The appellate court explained that it had no record of the evidence presented at the hearing on defendant's motion to enforce settlement and no basis for holding that the trial court's finding—that settlement occurred—was against the manifest

weight of the evidence. 309 Ill. App. 3d at 460. The appellate court also held that the defendant-appellee had no burden to ensure that a complete record was filed in the reviewing court. 309 Ill. App. 3d at 461. The appellate court denied the petition for rehearing and this court allowed plaintiff's petition for leave to appeal. 177 Ill. 2d R. 315.

## ANALYSIS

Plaintiff first argues that the appellate court misapprehended the sufficiency of the record on review. Both parties argue we should review this issue under the manifest error standard of review. Typically, the manifest error standard is appropriate to review findings of fact made by a trial judge. *People v. Coleman*, 183 Ill. 2d 366, 384-85 (1998); *Reese v. E.M. Melahn*, 53 Ill. 2d 508, 512-13 (1973). In this instance, however, there is no record to review the basis for the trial court's determination. The question is a legal one—whether in the absence of a record the appellate court correctly held that it must presume the trial court's holding had a sufficient legal and factual basis. Accordingly, we review such legal questions *de novo. Coleman*, 183 Ill. 2d at 388.

This court has long held that in order to support a claim of error on appeal the appellant has the burden to present a sufficiently complete record. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In fact, "[f]rom the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant." *Foutch*, 99 Ill. 2d at 391. Where the issue on appeal relates to the conduct of a hearing or proceeding, this issue is not subject to review absent a report or record of the proceeding. Instead, absent a record, "it [is] presumed that the order entered by the trial court [is] in conformity with the law and had a sufficient factual basis." *Foutch*, 99 Ill. 2d at 392.

In *Foutch v. O'Bryant*, 99 Ill. 2d 389 (1984), defendant's motion to vacate judgment was denied by the trial court. Defendant failed to present a complete record of the hearing on review. Specifically, the record was devoid of a transcript or report of the proceedings, a bystander's report, or an agreed statement of facts (166 Ill. 2d Rs. 323(c), (d)). This court held that "[a]s there [was] no transcript of the hearing on the motion to vacate here, there is no basis for holding that the trial court abused discretion in denying the motion." *Foutch*, 99 Ill. 2d at 392.

Similarly, in *Skaggs v. Junis*, 28 Ill. 2d 199 (1963), this court rejected the argument that where the record lacks information of evidence presented at a hearing, we must assume none was heard and that the court's order, therefore, was improper. Instead, we held that "it is presumed that the court heard adequate evidence to support the decision that was rendered" unless the record indicates otherwise. *Skaggs*, 28 Ill. 2d at 201-02.

In the instant case, the record contains no transcript of the hearing on defendant's motion to enforce settlement, no report of the proceedings, no bystander's report, and no agreed statements of facts. 166 Ill. 2d Rs. 323(c), (d). Additionally, plaintiff never filed a response to defendant's motion to enforce settlement or a motion to reconsider the order granting that motion. As such, we know only that on December 7, 1998, counsel for both parties were present and that the "cause was called for hearing on defendant's motion to enforce settlement." We do not know what evidence or arguments were presented at that hearing. We do not know the basis for the trial court's decision. We do know, however, that the trial court granted defendant's motion.[1] Under these circumstances, as correctly held by the appellate court, we will

---

[1] In order to grant a motion to enforce an out-of-court settlement, this court has long held that counsel must possess express

presume that the trial court heard adequate evidence to support its decision and that its order granting defendant's motion to enforce settlement was in conformity with the law. *Foutch*, 99 Ill. 2d at 391-92; *Skaggs*, 28 Ill. 2d at 201-02.

Plaintiff urges this court to consider the statements in his *pro se* notice of appeal in determining the sufficiency of the record on review and as evidence that the trial court judgment was against the manifest weight of the evidence. We decline to do so. Plaintiff states in his notice of appeal that "no *** settlement was agreed to by either the plaintiff or his attorney." A notice of appeal is filed in the trial court after the trial court rules. 155 Ill. 2d R. 303. The purpose of the notice of appeal is not to place new "evidence" into the record. Its purpose is more limited—to preserve the right of review. Regardless of the veracity of statements contained in a notice of appeal, these statements are not usable as evidence. To consider a notice of appeal as evidence a court of review would make credibility determinations to assess its trustworthiness and accuracy. This outcome directly conflicts with well-established precedent of this court. The trial court "as the trier of fact *** in a position superior to a court of review" makes determinations based on the evidence and weighs the credibility of participants to the litigation. *Schulenburg v. Signatrol, Inc.*, 37 Ill. 2d 352, 356 (1967).

Plaintiff also requests this court consider evidence regarding the January 24, 2000, disbarment of his attorney, Harris, for conduct involving dishonesty, fraud, deceit, or misrepresentation, as evidence that plaintiff

consent or authorization to compromise or settle a case. *Danziger v. Pittsfield Shoe Co.*, 204 Ill. 145, 149 (1903). The trial court does not presume authority to settle; rather, the burden rests with the party alleging authority to show that fact. *Danziger*, 204 Ill. at 149.

did not give Harris authority to settle. Essentially, plaintiff argues that because Harris engaged in wrongful conduct in other litigation, his conduct must have been deceitful or fraudulent when he represented plaintiff. We cannot make such an assumption. This court will not reverse a trial court's decision on the basis of speculation and conjecture. Harris was disbarred for conduct unrelated to this litigation and subsequent to the December 7, 1998, hearing on defendant's motion to enforce settlement. This information was not available to the trial judge when he made his determination, as the disbarment occurred one year after the trial court granted defendant's motion to enforce settlement.

Plaintiff cites *People v. McDuffee*, 187 Ill. 2d 481 (1999), as support for the proposition that defendant's burden in the trial court to establish the opposing counsel's authority to settle extends to the appeal. Specifically, plaintiff argues that it is defendant's burden to provide a sufficient record on appeal to show that Harris had authority to settle.

Plaintiff incorrectly relies on *McDuffee* to support this proposition. In *McDuffee* a defendant filed a motion for substitution of judge seven days after his first appearance in court. The State opposed the motion as untimely, arguing that the defendant learned the identity of the judge 22 days before he filed his motion to substitute judge by receipt of a mailed trial docket. The record on appeal did not contain the trial docket letter allegedly mailed to the defendant. The trial court denied the defendant's motion as untimely, and the decision was affirmed on appeal. We reversed the appellate court and held that absent evidence in the record to show the defendant had knowledge of the trial judge before his first appearance, his motion to substitute seven days after his first appearance was within the statutorily required 10-day period. *McDuffee*, 187 Ill. 2d at 491.

*McDuffee* is inapposite because it does not address extending a party's trial court burden to the appellate stage. Rather, it stands for the proposition that a reviewing court cannot look beyond the record and speculate on what may have occurred in the trial court. A court of review is limited to the record before it. In *McDuffee*, there was no evidence in the record that a trial docket letter existed or was ever mailed. This court refused to speculate and find that the defendant had knowledge of the judge's identity 22 days before he filed his motion to substitute. Instead, based on the record one could only discern that defendant first learned the judge's identity when he appeared seven days before he filed his motion. Likewise, this court will not look beyond the record on appeal to find that plaintiff's attorney lacked his authority to settle. There must be evidence in the record that his attorney, Harris, lacked authority.

The defendant's burden of proof in the trial court is not at issue. On appeal it is always the appellant's burden to provide the court of review with a sufficient record in order to establish error. *Foutch*, 99 Ill. 2d at 391-92. Plaintiff failed to satisfy his burden.

In light of the foregoing, we find it unnecessary to address plaintiff's additional contention. The judgment of the appellate court is affirmed.

*Affirmed.*