# Illinois Official Reports

## Appellate Court

---

### *The Levy Co. v. Illinois Workers' Compensation Comm'n*,
### 2014 IL App (1st) 131338WC

---

| | |
|---|---|
| Appellate Court Caption | THE LEVY COMPANY, Plaintiff-Appellant, v. THE ILLINOIS WORKERS' COMPENSATION COMMISSION and JORGE MERLOS, Defendants-Appellees. |
| District & No. | First District, Workers' Compensation Commission Division<br>Docket No. 1-13-1338WC |
| Filed | November 14, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where claimant had three consolidated workers' compensation claims pending against his employer, the trial court's decision confirming the Workers' Compensation Commission's approval of lump-sum settlement contracts resolving two of the claims was affirmed by the appellate court, notwithstanding plaintiff employer's contentions that only one condition of ill-being existed as a result of all three injuries, that the three cases should remain consolidated, and that the arbitrator's rejection of the settlement contracts was a way of circumventing his ruling denying severance of the claims; furthermore, the employer's failure to meet its burden as appellant to produce a sufficiently complete record to support its claims of error led the appellate court to presume that the Commission's order conformed with the law and had a sufficient factual basis. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 12-L-51141, 12-L-51142 cons.; the Hon. Eileen O'Neil Burke, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Lindsey Beukema, of Slavin & Slavin, of Chicago, for appellant.

Larry J. Coven, of Coven Law Group, of Chicago, for appellees.

Panel

JUSTICE HOFFMAN delivered the judgment of the court, with opinion.
Presiding Justice Holdridge and Justices Hudson, Harris, and Stewart concurred in the judgment and opinion.

**OPINION**

¶ 1     The claimant, Jorge Merlos, appeals from the circuit court judgment confirming the decision of the Illinois Workers' Compensation Commission (Commission) which approved two lump-sum settlement contracts resolving his claims filed under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2006)) for injuries he sustained while in the employ of The Levy Company (Levy). For the reasons that follow, we affirm the circuit court judgment.

¶ 2     The following facts are discernible from the record presented on appeal. After filing the two claims arising from his shoulder injuries, the claimant returned to work on May 31, 2007, subject to permanent restrictions. He apparently was engaged in full and unrestricted duty on June 16, 2008, when he suffered the back and neck injury that was the subject of claim number 08 WC 38667. In his motion to sever that claim from the earlier claims, the claimant argued that the prior claims involved injuries that were separate and distinct from those which formed the basis for claim number 08 WC 38667. He contended that, while he is continuing to undergo vocational rehabilitation for his neck and back and is receiving ongoing benefits from those injuries, he has completed treatment for the shoulder injuries, has returned to full duty, and is seeking to settle the shoulder claims without affecting his rights in claim number 08 WC 38667. According to the claimant, the shoulder claims involved many disputed issues with two different insurance carriers which likely would lead to years of reviews and appeals if not resolved. Accordingly, because those claims are "wholly unrelated" to the back and neck claims, the claimant requested that they be severed to enable settlement.

¶ 3     In response to the motion to sever, Levy contended that, at the time the claimant sustained his back injury in 2008, he was performing full duty while subject to permanent work restrictions that Levy was never informed were in place. In light of this fact, Levy argued, there exists evidence that only one condition of ill-being exists as a result of all three injuries, and it is appropriate for the three cases to remain consolidated to enable the arbitrator either to delineate and apportion the nature and extent of permanency attributable to each accident, or to find that only one condition of ill-being exists.

¶ 4     The parties then presented the arbitrator with the proposed settlement contracts. Under the contract for claim number 06 WC 00534, the parties agreed, on a "completely disputed basis," that Levy, through its insurance company, would pay the claimant a lump-sum

settlement of $118,500, representing approximately 40% of a person as a whole "in a full, final and complete settlement for any and all of [claimant's] claims under the [Act] for injuries allegedly sustained on or about September 23, 2005," for repetitive trauma to the claimant's shoulders. In exchange, the claimant agreed to release Levy and its insurer from any and all claims relating to the above injury under the Act. The contract with regard to number 06 WC 7848, stated that Levy, while denying all liability, agreed to pay the claimant $25,000 as a full, final and complete settlement of any and all claims due or to become due as a result of the accident of June 14, 2003. The amount represented approximately 6.63% loss of person as a whole arising from the loss of the claimant's left shoulder, plus $7,000 for medical expenses. The contract expressly stated that the settlement pertained exclusively to the incident of June 14, 2003, and that any other workers compensation claims then pending against Levy would remain pending for adjudication separate and apart from this claim.

¶ 5    As a basis for his rejection of the settlement contracts, the arbitrator stated that he viewed the "presentation of [those contracts] as a way of circumventing" his ruling denying severance. The arbitrator further noted that Levy objected to the approval of the settlement contracts. In a notice to the Commission on July 19, 2012, Arbitrator Cronin reiterated this finding.

¶ 6    On August 1, 2012, the Commission entered an order approving each of the settlement contracts, making no reference to the severance issue.

¶ 7    On August 20, 2012, Levy sought judicial review of the Commission's approval of both of the respective settlement contracts before the circuit court of Cook County. The cases were consolidated for review, and on March 21, 2013, following a hearing, the court entered an order (1) confirming the Commission's jurisdiction to approve the settlement agreements; (2) denying Levy's motion to set aside the agreements; (3) noting that case No. 08 WC 38667 is not settled and remains active; and (4) remanding that case to the Commission for further proceedings. Levy now appeals.

¶ 8    Levy first argues that the Commission was without jurisdiction to approve the settlement contracts for two of the three consolidated cases. According to Levy, the arbitrator's denial of the motion to sever caused all three cases to remain pending; accordingly, the submission to the Commission of settlement contracts in two of those cases, without a reversal of the order denying severance, constitutes an impermissible interlocutory "appeal." This argument is unsupported and without merit.

¶ 9    We note first that Levy's brief fails to reference any authority to support its argument, and as such, is in violation of Illinois Supreme Court Rule 341(h)(7) (eff. Feb. 6, 2013). As appellant, Levy must provide this court with authority and citations to the record to support each of its claims of error, and the failure to do so renders the argument forfeited. *Chicagoland Chamber of Commerce v. Pappas*, 378 Ill. App. 3d 334, 364 (2007). And in any event, the argument is without merit. It is axiomatic that the Commission has jurisdiction, upon presentation by the parties, to review and approve a settlement contract. See generally 50 Ill. Adm. Code 7070.10, 7070.40 (2004). In this case, the claimant filed three separate applications for adjustment of claim. Although the claims were consolidated, they were nonetheless three individual and separate actions with three different injury dates, and the parties were free to settle two of those actions while the third remained pending. The Commission's consideration and approval of the settlement contracts involved issues separate and distinct from those underlying the arbitrator's severance determination, and in

no way constituted an "appeal" of that determination; rather, the severance issue simply became moot upon the disposition pursuant to settlement of the other two claims.

¶ 10   Next, Levy argues that the Commission erred in accepting the settlement agreements without hearing testimony or reviewing evidence by the parties as to all three consolidated cases. Specifically, Levy contends that it will now be foreclosed on remand from presenting evidence or testimony in support of its theory of case number 08 WC 38667, that the claimant's condition of ill-being was the cumulative result of all three injuries, as opposed to a separate and unrelated injury as maintained by the claimant. Levy also suggests that it was not given a full opportunity to present its case to the Commission.

¶ 11   Again, Levy provides no legal support whatsoever for its perception that it will be prejudiced in its efforts to defend case number 08 WC 38667 before the arbitrator. Further, this court has not been provided with any record of proceedings to support Levy's claim of error, apart from the settlement contracts stamped "approved" by the Commissioner. Rather, Levy's brief is replete with references to alleged arguments before the Commission, many of which are disputed by the claimant on appeal. Its assertion regarding the Commission's "speculation" as to the permanency attributable to the earlier injuries is completely unsupported. As appellant, it was Levy's burden to produce a sufficiently complete record to support its claims of error. In the absence of such a record, we will presume that the order entered by the Commission was in conformity with law and had a sufficient factual basis. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Accordingly, there is no reason to conclude that Levy was prejudiced by the Commission's approval of the settlement contracts and no basis to disturb the Commission's determination.

¶ 12   Affirmed.