**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190305-U

Order filed April 17, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| BIZNESS, INC., d/b/a Greg's Body Shop, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-19-0305 |
| | ) | Circuit No. 17-L-425 |
| LOUIS BACON, | ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | John C. Anderson, |
| | | Judge, Presiding. |

_____

PRESIDING JUSTICE LYTTON delivered the judgment of the court.
Justices Holdridge and Wright concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*: (1) Defendant failed to provide a sufficient record to support his claim that the trial court erred in finding the existence of a valid contract.

¶ 2      (2) Written waiver of repair estimate was not required where body shop gave defendant an estimate before work was performed.

¶ 3      Plaintiff, Bizness, Inc., d/b/a Greg's Body Shop, filed a complaint alleging breach of contract and fraud against defendant, Louis Bacon, following Bacon's refusal to pay plaintiff for repairing his 2002 Jaguar. The circuit court granted judgment in favor of plaintiff in the amount of $2,938.39, plus court costs. Bacon appeals, claiming that the judgment should be reversed

because the body shop failed to establish a valid contract and the repair estimate did not satisfy the consumer protection requirements of the Automotive Repair Act (815 ILCS 306/1 *et seq*. (West 2016)). We affirm.

¶ 4                                    I. BACKGROUND

¶ 5        On September 6, 2016, Bacon contacted plaintiff and asked if the body shop could repair his 2002 Jaguar by installing an engine that he planned to purchase. Plaintiff agreed to install the engine and presented Bacon with an estimate for parts and labor totaling $2,938.39. The written estimate provided the flat labor fee to install the engine and a list of individual parts with corresponding prices for additional items that the body shop needed to complete the project. It also stated that the customer would supply the engine.

¶ 6        On September 30, 2016, Bacon ordered a rebuilt engine online and had it delivered to plaintiff. The body shop installed the engine and called Bacon when the work was completed. On November 4, 2016, Bacon arrived at the body shop and asked to take the Jaguar for a test drive. Plaintiff affixed temporary license plates to the vehicle to allow Bacon to drive the vehicle on the road. Bacon did not pay for plaintiff's services before he left the lot. He drove the Jaguar off the premises and did not return. Plaintiff attempted to reach Bacon by phone on multiple occasions. Bacon refused to return plaintiff's phone calls and did not pay his bill.

¶ 7        On May 19, 2017, plaintiff filed a two-count complaint against Bacon seeking to recover payment for the services provided. Count I alleged breach of the parties' oral contract to install the rebuilt engine and requested damages in the amount of $2,938.39. Count II claimed that Bacon committed fraud by falsely representing that he was taking the Jaguar for a test drive to induce plaintiff to release the 2002 Jaguar and sought damages in excess of $50,000.

2

¶ 8		On September 29, 2017, plaintiff filed a motion for default judgment. In response, Bacon filed a *pro se* appearance and motion to vacate the default judgment. On October 5, 2017, the trial court granted Bacon's motion and gave him 28 days to answer the complaint or file another pleading. Bacon filed his answer the same day.

¶ 9		Following a bench trial on January 9, 2019, the trial court ruled in favor of plaintiff and awarded the body shop $2,938.39, plus court costs. The docket entry provides "Case called for trial. Plaintiff present and with [attorney]. Defendant present as Self Represented Litigant. Witnesses sworn, evidence heard, matter taken under advisement." The court's judgment was entered by docket entry on January 10, 2019. Bacon's *pro se* motions to reconsider were both denied. The record contains no report or record of proceeding for the bench trial.

¶ 10						II. ANALYSIS

¶ 11		Bacon appeals the trial court's judgment and continues to represent himself. He claims that (1) the trial court erred in finding the existence of a verbal contract, (2) plaintiff should be barred from asserting a claim against him because it failed to provide a repair estimate or obtain a signed waiver of the estimate as mandated by the Automotive Repair Act, and (3) plaintiff's conduct violated the Consumer Fraud and Deceptive Business Practice Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq*. West 2016)).

¶ 12						A. Existence of a Contract

¶ 13		To meet the burden of proof in a breach of contract action, the plaintiff must establish an offer and acceptance, consideration, definite and certain terms of the contract, the plaintiff's performance of the required contractual conditions, breach of the terms of the contract, and damages resulting from the breach. *Mannion v. Stallings & Co.*, 204 Ill. App. 3d 179, 186 (1990). The issues of whether a contract existed, the parties' intent in forming it, and its terms are all

3

questions of fact to be determined by a trier of fact. *Prignano v. Prignano*, 405 Ill. App. 3d 801, 810 (2010). "In reviewing a bench trial, we defer to the trial court's factual findings unless they are against the manifest weight of the evidence." *Lowe Excavating Co. v. International Union of Operating Engineers Local No. 150*, 327 Ill. App. 3d 711, 720 (2002). A judgment is against the manifest weight of the evidence only if the opposite conclusion is clearly apparent or the finding is unreasonable, arbitrary, or not based on evidence. *Best v. Best*, 223 Ill. 2d 342, 350 (2006).

¶ 14    To support a claim of error on appeal, "the appellant has the burden to present a sufficiently complete record." *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001). If the issue on appeal relates to a ruling at a hearing or proceeding, the issue is not subject to review absent a record of the proceeding or a bystander's report. *Id*. Without a record of the proceeding, we will presume the trial court's order conformed to the law and had a sufficient factual basis. *Id*. "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984).

¶ 15    We are unable to find that the trial court erred in finding a valid contract because Bacon failed to produce a sufficiently complete record to support his claim. The record contains no transcript or bystander's report of the bench trial. The only record memorializing the bench trial and the court's ruling are the trial court's docket entries, which note that a trial was held and that judgment was entered in favor of Bizness, Inc. Without a record of the trial proceeding, we must presume the court's finding that a contract existed was in conformance with the law and had sufficient factual support. See *Webster*, 195 Ill. 2d at 432.

¶ 16                              B. Automotive Repair Act

¶ 17    Bacon also argues that plaintiff violated sections 15 and 20 of the Automotive Repair Act. Section 15 of the Automotive Repair Act requires motor vehicle repair facilities to provide

customers with a written estimated price for labor and parts for each specific repair to be performed, or a written price limit for each repair, and expressly prohibits performing additional repairs or exceeding that limit without the consumer's consent. 815 ILCS 306/15(b) (West 2016). Section 20 requires the repair facility to present the consumer with an estimate or obtain a written statement from the consumer waiving that right. 815 ILCS 306/20 (West 2016).

¶ 18    Here, the written estimate plaintiff presented to Bacon fulfills those consumer protection requirements of the Automotive Repair Act. The estimate does not violate section 15. It contains an estimated fee for labor and a detailed list, with corresponding prices, for the parts needed to repair the vehicle, and the final bill did not exceed the price limit for the repairs as calculated in the estimate. Further, section 20 of the act does not apply where the repair facility provides the consumer with a written estimate before repairing the vehicle. In this case, the body shop was not required to obtain a statement from Bacon waiving his right to a written estimate because it provided Bacon with a written estimated price for labor and parts prior to performing the work.

¶ 19                              C. Consumer Fraud Act

¶ 20    Last, Bacon alleges that plaintiff violated the Consumer Fraud Act, but he does so in one sentence without citation to authority or any attempt to relate specific sections of the act to plaintiff's conduct. Illinois Supreme Court Rule 341(h)(7) (eff. Feb. 6, 2013) requires appellants to present clearly defined issues in their briefs "with citation of the authorities and the pages of the record relied on." Under this rule, a reviewing court is entitled to have issues clearly defined with "cohesive arguments presented" and relevant authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). An appellant forfeits any contention that is not supported by argument or citation to authority. *Id*.

¶ 21 In this case, Bacon's passing reference to the Consumer Fraud Act at the end of his argument on appeal fails to provide a cohesive legal argument. Accordingly, the issue has been forfeited.

¶ 22                                    III. CONCLUSION

¶ 23 For these reasons, the judgment of the circuit court of Will County is affirmed.

¶ 24 Affirmed.