2020 IL App (1st) 191941-U

No. 1-19-1941

Order filed September 8, 2020

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| LAWRENCE MANGO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 M1 40319 |
| | ) | |
| HAROLDS RADIATOR AND AIR CONDITION, | ) | Honorable |
| | ) | Martin Paul Moltz, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Justices Ellis and McBride concurred in the judgment.

**ORDER**

¶ 1    *Held*: Circuit court's entry of judgment in defendant's favor is affirmed because, in the absence of a report of proceedings in the record on appeal, we assume the trial court's finding was in conformity with the law and had a sufficient factual basis.

¶ 2    Following a bench trial in the circuit court of Cook County, judgment was entered in favor of defendant Harold's Radiator and Air Conditioning Service (Harold's) in this dispute regarding repairs to plaintiff Lawrence Mango's vehicle. On appeal, plaintiff contends the trial court's

judgment for defendant should be reversed because the court did not "listen to [his] side or story." For the reasons that follow, we affirm.

¶ 3    The record on appeal contains neither a report of the trial court proceedings, a bystander's report, nor an agreed statement of facts. See Ill. S. Ct. R. 321 (eff. Feb. 1, 1994); Ill. S. Ct. R. 323 (eff. July 1, 2017). From the limited record on appeal, we can only glean the following facts. Plaintiff filed a *pro se* complaint in the circuit court alleging that, in February 2018, he took his 1991 Mercedes to Harold's for repairs. He paid Harold's $1000 for the repairs. Harold's did not perform the repairs, so plaintiff returned to Harold's, again seeking repair.  Upon being told by Harold's that he would need to pay additionally, plaintiff sought a "full refund" of $1000 in damages. On September 19, 2019, the trial court entered judgment in defendant's favor. On that same date, Plaintiff filed his appeal[1].

¶ 4    On appeal, the only issue plaintiff raises is that the trial court "didn[']t listen to [his] side or story." Defendant, through its owner Dariusz Pilat, frames the issue as whether the trial court was correct to "weigh [Pilat's] testimony as more credible than [plaintiff's] testimony."

¶ 5    As a threshold matter, we note that plaintiff's *pro se* brief on appeal does not comply with the requirements of Illinois Supreme Court Rule 341. This rule dictates the requirements for both the format and the manner in which the subject matter of an appeal is presented for appellate briefs. Ill. S. Ct. R. 341 (eff. May 25, 2018); *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Although

---

[1] Although plaintiff's Notice of Appeal, filed on the same date as the judgement, identifies the trial judge who presided, absent from the notice is entry of the date judgment was entered.  However, we are mindful that mere technicalities in a notice of appeal are not fatal to the court's jurisdiction, as long as the defendant is not prejudiced.  See *Butrell v. First Charter Service Corp.*, 76 Ill. 2d 427, 434 (1979).

plaintiff utilized an approved preprinted form for his brief, he has nevertheless failed to comply with subsections (h)(6) and (h)(7) of Rule 341.

¶ 6 Rule 341(h)(6) requires that a plaintiff's brief contain a statement of facts to provide the reviewing court with an understanding of the case. Ill. S. Ct. R. 341(h)(6) (eff. May 25, 2018). Additionally, the rule requires citations to the record, including page numbers, so that the court can analyze whether the facts plaintiff presents "are accurate and a fair portrayal of the events in the case." *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 58. Although plaintiff has provided a reasonably clear statement of his version of the facts, he cites to no portion of a record for the courts reference.[2] A brief that does not include references to page numbers in the record waives the facts as unsupported. See *Engle v. Foley and Lardner, LLP*, 393 Ill. App. 3d 838, 854 (2009). Plaintiff also fails to cite any pertinent legal authority in support of his argument or his prayer for relief in violation of Rule 341(h)(7). Ill. S. Ct. R. 341(h)(7). We've oft noted that a plaintiff's *pro se* status does not relieve him of his obligation to comply with Rule 341. *Wing v. Chicago Transit Authority*, 2016 IL App (1st) 153517, ¶ 7. Although we may, in our discretion, dismiss plaintiff's appeal for lack of compliance with our supreme court's rules, we elect not to do so. *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005).

¶ 7 More problematic for plaintiff, however, is that the record on appeal does not include any form of a report of the trial court proceedings. "The appellant has the burden to present a

---

[2] Although plaintiff's brief sets forth a narrative of the events underlying his action, none of his factual contentions appear in the record on appeal. Thus, we cannot consider them. See *Ruiz v. Walker*, 386 Ill. App. 3d 1080, 1081 (2008) (appellate court does not consider facts, presented in briefs, that are not part of the record). Similarly, we cannot consider the receipts from Harold's attached as appendices to plaintiff's brief, as they do not appear in the record on appeal. See *People v. Williams*, 2012 IL App (1st) 100126, ¶ 27 (presenting evidence not in the record via an appendix to a brief is an improper supplementation of the record).

sufficiently complete record to support a claim of error on appeal." *Hye Ra Han v. Holloway*, 408 Ill. App. 3d 387, 390 (2011) (citing *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001)). "Where the issue on appeal relates to the conduct of a hearing or proceeding, this issue is not subject to review absent a report or record of the proceeding." *Id.* (citing *Webster*, 195 Ill. 2d at 432). "Without such a record, it is presumed that the order entered by the trial court is in conformity with the law and has a sufficient factual basis." *Id.* (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). " 'Any doubts which may arise from the incompleteness of the record will be resolved against the appellant.' " *Id.* (quoting *Foutch*, 99 Ill. 2d at 392).

¶ 8      In his brief, plaintiff asserts that the trial court's judgment was erroneous, but he fails to include as a part of the record any of the evidence presented to the trial court. Without a transcript of the trial proceedings, or some other acceptable record of those proceedings, we have no basis to conclude that the trial court erred. See *Id.* Thus, we must presume the judgment entered by the trial court was in conformity with the law and had a sufficient factual basis. *Id.* Accordingly, we affirm the judgment of the trial court in defendant's favor.

¶ 9      For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 10     Affirmed.