NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190830-U

NO. 4-19-0830

FILED
September 10, 2020
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| CALVIN WHITE, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| CLYDE E. RICHARDSON, | ) | No. 19OP1353 |
|     Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Jack D. Davis II, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Presiding Justice Steigmann and Justice Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding plaintiff failed to produce a sufficient record to support his claim the circuit court failed to consider certain evidence when it dismissed plaintiff's petition for a stalking no contact order.

¶ 2    Plaintiff, Calvin White, appeals from the circuit's court's judgment dismissing his petition for a stalking no contact order against defendant, Clyde E. Richardson. We affirm the circuit court's judgment.

¶ 3                        I. BACKGROUND

¶ 4    On July 18, 2019, plaintiff *pro se* filed a petition for a stalking no contact order against defendant under section 80 of the Stalking No Contact Order Act (740 ILCS 21/80 (West 2018)), alleging defendant interfered with his property when he (1) leaned a trash can against plaintiff's house and (2) sprayed plaintiff's house with a garden hose. On the same date, the circuit court entered an emergency *ex parte* stalking no contact order. On August 22, 2019, the

court held a hearing on plaintiff's petition. Following the hearing, the court entered a written order dismissing plaintiff's petition and vacating the emergency stalking no contact order, stating, "[Petitioner] failed to bear burden of proof. Insufficient evidence to support entry of stalking no contact order." Plaintiff filed a motion to reconsider, asserting he met his burden of proof and the court "failed to grant the order to protect [him] and [his] family." Following an October 2019 hearing, the court denied plaintiff's motion. The record on appeal contains no reports of proceedings or bystander's reports from the August or October 2019 hearings in this case.

¶ 5        This appeal followed.

¶ 6                              II. ANALYSIS

¶ 7        On appeal, plaintiff argues the circuit court erred when it dismissed his petition for a stalking no contact order by "not considering the unfortunate distress caused by the unwanted contact with defendant." In his *pro se* brief, plaintiff asserts he presented sufficient evidence to support a stalking no contact order, stating he "has suffered from anxiety from the alarming thumps and bangs made on the side of [his] home while inside trying to rest," "[t]hese sounds ha[ve] brought on a very uneasy and stressful feeling due to the unwanted contact made by *** defendant," and plaintiff provided visual footage of defendant's unwanted contact. Defendant responds, arguing (1) plaintiff has failed to provide a sufficient record to support his claim on appeal and (2) the court's decision to vacate the stalking no contact order was not against the manifest weight of the evidence.

¶ 8        The Illinois Supreme Court "has long held that in order to support a claim of error on appeal the appellant has the burden to present a sufficiently complete record." *Webster v. Hartman*, 195 Ill. 2d 426, 432, 749 N.E.2d 958, 962 (2001). If the issue on appeal "relates to the

conduct of a hearing or proceeding, this issue is not subject to review absent a report or record of the proceeding." *Id.* In the absence of such a record, the reviewing court will presume the trial court's order conformed to the law and had a sufficient factual basis. *Id.* at 962. "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392, 459 N.E.2d 958, 959 (1984).

¶ 9 We are unable to find the circuit court erred by not considering evidence of plaintiff's distress caused by defendant's alleged unwanted contact because plaintiff has failed to produce a sufficiently complete record to support his claim. The record contains no reports of proceedings or bystander's reports of either the stalking no contact order hearing or the hearing on plaintiff's motion to reconsider. The only records memorializing the proceedings are (1) the written order dismissing plaintiff's petition and vacating the emergency order because plaintiff failed to present sufficient evidence to support a stalking no contact order, (2) the written order denying plaintiff's motion to reconsider, and (3) the court's docket entry sheet stating the same. Given the scant record before us, we presume the court acted in conformance with the law when it denied plaintiff's petition and motion to reconsider. See *id.* We affirm.

¶ 10                                        III. CONCLUSION

¶ 11 For the reasons stated, we affirm the trial court's judgment.

¶ 12 Affirmed.