2020 IL App (1st) 192360-U

FIFTH DIVISION
November 25, 2020

No. 1-19-2360

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| WAYNE-MAR APARTMENTS, LLC, | ) | Appeal from the Circuit Court of |
| | ) | Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 19 M6 9348 |
| | ) | |
| | ) | |
| TERRY SMITH, | ) | |
| | ) | Honorable Carrie Hamilton |
| Defendant-Appellant[1]. | ) | and Michael Barrett, |
| | ) | Judges, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Cunningham concurred in the judgment.

**ORDER**

¶ 1    ***Held:***    The judgment in this eviction case is affirmed based on the presumption of correctness and the lack of both a report of proceedings and a properly certified and filed bystander's report.

---

[1] Both the appellant and appellee have set forth an incorrect caption for this appeal. See Ill. Sup. Ct. R. 311(a)(3) (eff. July 1, 2017). We have corrected the caption and direct the clerk of this court to correct it in the docket accordingly.

¶ 2    Plaintiff Wayne-Mar Apartments, LLC (Wayne-Mar), filed a joint-action eviction complaint against defendant Terry Smith, claiming possession of an apartment in Calumet City, Illinois, and a judgment for unpaid rent and related expenses.  Wayne-Mar was unsuccessful in serving Smith with the summons and complaint and eventually moved for appointment of a special process server.  According to the affidavit of the special process server, Smith was personally served on October 2, 2019.

¶ 3    On October 10, 2019, the circuit court (Judge Hamilton, presiding) entered an order of eviction against Smith and a judgment for $5,667 in back rent and court costs.  It is undisputed that Smith did not attend the October 10 hearing.  On October 30, Smith filed a "Motion to Quash Service of Processor [*sic*], Motion to Vacate Default Judgement."  The portion of the motion addressing the service of process was fatally defective in two respects because it was accompanied by neither any affidavit contesting the special process server's affidavit of service nor any corroborative evidence.  See *In re Jafree*, 93 Ill. 2d 450, 455 (1982); *Winning Moves, Inc. v. Hi! Baby, Inc*., 238 Ill. App. 3d 834, 838 (1992).  The motion also sought leave to file a counterclaim (although no proposed counterclaim was attached), recited a litany of complaints against the landlord for various actions, claimed that venue was improper in Cook County, and requested a substitution of judge from Judge Hamilton.  The substitution request did not indicate whether it was for cause or as of right.  Smith also did not, as required, file an appearance along with the motion.

¶ 4    On November 8, Judge Barrett entered an order (1) stating that the case was before the court on defendant's motion to substitute the judge "based on bias" and the court had heard "testimony/evidence," and (2) finding that the defendant failed to meet his burden to show that the judge was biased.  The case was then transferred back to Judge Hamilton *instanter*.

¶ 5    The same day, Judge Hamilton entered an order stating: "Motion to quash denied after a full hearing. Defendant's motion to vacate on jurisdictional grounds denied. Defendant given opportunity to orally request motion to vacate and defendant stated he did not wish to be heard on any other motion to vacate. * * * Defendant to file an appearance before any other pleadings. Sheriff to proceed with order as directed."

¶ 6    On November 15, the circuit court denied Smith's motion to reconsider, again directing the sheriff to proceed with the eviction and finding that defendant had failed to obey an earlier order requiring him to file an appearance before filing pleadings. Smith filed a notice of appeal on the same day.

¶ 7    In his brief on appeal, Smith identifies the issues presented as follows: (1) the circuit court erred in "accepting" the complaint "without demand Notice to quit tenancy and the current Lease"; (2) the court erred in denying his motion to quash; and (3) the court erred in denying his motion to substitute the judge based on bias.

¶ 8    The record before us is only a common law record containing pleadings, filings, and orders from the circuit court. It does not contain a report of proceedings (transcript) of the hearing conducted in the circuit court. It is the appellant's burden to present a certified record sufficiently complete for this court to determine whether the circuit court erred. Although it was not its burden to do so, Wayne-Mar attempted to correct this omission by preparing a bystander's report pursuant to Illinois Supreme Court Rule 323(c). Ill. Sup. Ct. R. 323(c) (eff. July 1, 2017). Wayne-Mar filed several motions in this court to supplement the record with a bystander's report but this court denied the motions, noting on at least two separate occasions that no supplemental record certified by the clerk of the circuit court accompanied the motion. Wayne-Mar included a bystander's report as an exhibit to its brief, which combines the evidence heard on separate dates by Judge

3

Hamilton and Judge Barrett. However, it is signed by only Judge Barrett. The brief also includes a copy of an order purportedly entered on August 20, 2020, directing the clerk of the circuit court to certify that attached bystander's report as a supplemental record. However, the process is not automatic. Even if the clerk of the circuit court followed that order to prepare a certified supplemental record, it was Wayne-Mar's burden to file a motion in this court requesting leave to file the supplemental record *instanter*. Since we have no certified supplemental record before us, the bystander's report attached to Wayne-Mar's brief is not properly before this court and is stricken.

¶ 9       Supreme Court Rules 321 and 324 require an appellant to provide a complete record on appeal. See Ill. S. Ct. R. 321 (eff. Feb. 1, 1994); Ill. S. Ct. R. 324 (eff. July 1, 2017). Our supreme court "has long held that in order to support a claim of error on appeal the appellant has the burden to present a sufficiently complete record." *Webster v. Hartman*, 195 Ill. 2d 426 (2001) (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). "In fact, '[f]rom the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant.' " *Id*. (quoting *Foutch*, 99 Ill. 2d at 391). "Where the issue on appeal relates to the conduct of a hearing or proceeding, this issue is not subject to review absent a report or record of the proceeding." *Id*. Instead, we must presume that the orders entered by the court were in conformity with the law and had a sufficient factual basis. *Id*.

¶ 10      Each of Smith's three contentions of error requires a review of the evidence presented to the circuit court. Resolving the first issue would require us to review the evidence and testimony presented at the trial; as to the other two issues, the court specifically noted in written orders that it had heard testimony or evidence. From our review of the parties' submissions and the limited

record, it is evident that we cannot review the issues relating to whether the evidence supported the court's findings and the bases for the circuit court's rulings on evidentiary issues without a proper record of those proceedings.  See *Corral v. Mervis Industries*, 217 Ill. 2d 144, 156 (2005).

¶ 11    For these reasons, we affirm the judgment of the circuit court.

¶ 12    Affirmed.