NOTICE

Decision filed 09/12/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 220015-U

NO. 5-22-0015

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| JARAMIE POE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 20-L-590 |
| | ) | |
| PRAIRIE STATE ENERGY CAMPUS | ) | |
| MANAGEMENT, INC., and ANDREW BLANK, | ) | Honorable |
| | ) | Heinz M. Rudolf, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Moore and Barberis concurred in the judgment.

**ORDER**

¶ 1   *Held*: We affirm the order of the circuit court denying the defendant's motion to transfer venue where, in the absence of a sufficient report of the proceedings, the circuit court's dismissal for improper venue is presumed to be in conformity with the law and had a proper factual basis.

¶ 2   This is an interlocutory appeal pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2020) of the circuit court's order of December 9, 2021, denying the defendant's, Prairie State Energy Campus Management, Inc. (Prairie State), motion to transfer venue, or in the alternative, to transfer for *forum non conveniens*. For the following reasons, we affirm the judgment of the circuit court.

¶ 3                                    I. BACKGROUND

¶ 4      On August 4, 2020, the plaintiff, Jaramie Poe, filed a complaint in the circuit court of St. Clair County, Illinois, against the defendant, Prairie State. The complaint contained a single count of negligence against Prairie State, alleging that on January 14, 2020, the plaintiff was on the premises of Prairie State when the plaintiff slipped on oil which had leaked from the mining parts onto the pavement near the plaintiff's truck and, as a result, the plaintiff was injured.

¶ 5      On October 12, 2020, Prairie State filed a motion to transfer venue pursuant to section 2-104 of the Code of Civil Procedure (Code) (735 ILCS 5/2-104 (West 2020)), or in the alternative, motion to transfer for *forum non conveniens*. The affidavit of Randy Short was attached as exhibit B to Prairie State's motion. The affidavit of Randy Short stated, *inter alia*, that he was the chief operating officer of Prairie State and that Prairie States' headquarters, principal place of business, and registered agent were all located in Washington County, Illinois. Short's affidavit also stated that Prairie State did not own property, did not conduct business, and did not currently have any registered or other offices located in St. Clair County, Illinois.

¶ 6      The plaintiff filed a motion for leave to file a first amended complaint on November 2, 2020. The circuit court granted the plaintiff's motion to amend on November 4, 2020, and the plaintiff filed his first amended complaint on November 10, 2020. The plaintiff's first amended complaint added a second count of negligence directed towards Andrew Blank, and as such, Andrew Blank was joined as a defendant in this matter. Count II of the plaintiff's first amended complaint incorporated the allegations of paragraphs 1 through 5 of count I and did not add any new or specific allegations directed towards Blank.

¶ 7      On December 10, 2020, Prairie State filed a renewed motion to transfer venue pursuant to section 2-104 of the Code (*id.*), or in the alternative, motion to transfer for *forum non conveniens*.

2

The same day, Blank filed a motion to dismiss the plaintiff's first amended complaint pursuant to section 2-615 of the Code. *Id*. § 2-615. On January 20, 2021, the plaintiff filed a response to the defendants' motions and attached to the plaintiff's response was the affidavit of the plaintiff. The plaintiff's affidavit stated that, prior to his injuries, he had made an average of two visits per week for a year to the premises of Prairie State and that "on nearly every occasion, Andrew Blank was the person I dealt with." The plaintiff's affidavit further stated that Blank handled the paperwork, and "otherwise appeared to be directing and supervising the aspects of their work which involved me and my employer." The plaintiff's affidavit attested that, at no point, did the plaintiff know where Blank lived and "[t]o this day I have no idea." Finally, the plaintiff's affidavit stated that, "[w]hat I do know is that when I was there, [Blank] seemed to be in charge."

¶ 8     On August 13, 2021, Prairie State filed two affidavits in support of its renewed motion to transfer venue. The first affidavit was executed by Janice Shuh. Shuh's affidavit stated that she was the mine warehouse supervisor for Prairie State, and that her duties included interacting with the vendors upon their arrival at the warehouse to process pickups and/or deliveries. Shuh's affidavit further stated that she was working for Prairie State on the date that the plaintiff was allegedly injured and that she had dealt directly with the plaintiff on that day. In support of this statement, a purchase requisition and vendor request, a portion of which was handwritten by Shuh on the date of the alleged incident, was attached to her affidavit. Shuh's affidavit further stated that Blank was not employed by Prairie State in a supervisory position and that Blank had no responsibilities related to the plaintiff's visit on the date of the alleged incident.

¶ 9     The second affidavit in support of Prairie State's renewed motion to transfer venue was executed by Blank. Blank's affidavit stated that he was employed by Prairie State on the date of the alleged incident, but that his job duties did not include draining oil from mining parts, or

ensuring that the oil was drained from mining parts, prior to the parts being transported or loaded onto vendors' vehicles. Blank's affidavit further stated that he did not recall interacting with the plaintiff on the day of the alleged incident and that he did not recognize any of the handwriting on the purchase requisition and vendor request as being his handwriting.

¶ 10    On December 9, 2021, the circuit court entered the following written order:

> "This matter was called before the Court on this date for arguments on Defendant Andrew Blank's Motion to Dismiss and Defendants' Motion to Transfer Venue. The Court, having heard arguments and being fully advised in the premises, hereby finds that Defendant Andrew Blank was not joined in bad faith or solely for the purpose of establishing venue in this Court. Accordingly, the Court denies both motions."

¶ 11    The defendant now appeals the interlocutory judgment of the circuit court raising the sole issue of whether the circuit erred in finding that defendant Blank was not joined in bad faith or solely for the purpose of establishing venue in St. Clair County, Illinois, and denying Prairie State's renewed motion to transfer venue.

¶ 12                                    II. ANALYSIS

¶ 13    In order to support a claim of error on appeal, our supreme court has long held that the appellant has the burden to present a sufficiently complete record. *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001) (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)). "Where the issue on appeal relates to the conduct of a hearing or proceeding, this issue is not subject to review absent a report or record of the proceeding." *Id.* On January 10, 2022, Prairie State filed a notice with this court stating that a bystander's report pursuant to Illinois Supreme Court Rule 323(c) (eff. July 1, 2017) would be submitted "upon settlement, approval, and certification of such report by the trial court." Rule 323(c) states that a report shall be served on all parties within 28 days after the

4

notice of appeal is filed, unless the reviewing court or any judge thereof extends the time for filing. To date, this court has not received a bystander's report, a report of proceedings, an agreed statement of facts, or a request for an extension of time. Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017). We note, however, that both of the parties' briefs reference a "Bystanders Report."

¶ 14    The circuit court's written order denying Prairie State's renewed motion to transfer venue states only its legal conclusion and does not set forth additional factual findings nor does it explain precisely why the motion was denied. There is no transcript of the circuit court's hearing on the renewed motion to transfer, and as stated above, no bystander's report or an agreed statement of facts reflecting what was said at the hearing, what facts were asserted at the hearing, or what arguments that the circuit court found persuasive or unconvincing.

¶ 15    Prairie State claims on appeal that the circuit court erred in finding that Blank was properly joined in good faith and not solely for the purpose of establishing venue in St. Clair County, Illinois. Unless there is a contrary indication in the circuit court's order or in the record, we must presume that the circuit court heard adequate evidence to support the decision that it rendered. *Foutch*, 99 Ill. 2d at 394. Therefore, without a supporting record, we are without a basis to meaningfully evaluate the circuit court's decision and are obliged to affirm it.

¶ 16                                    III. CONCLUSION

¶ 17    Based solely on the absence of a sufficient record on appeal, we affirm the judgment of the circuit court of St. Clair County denying Prairie State's renewed motion to transfer venue.

¶ 18    Affirmed.

5