NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 200363-U

NO. 4-20-0363

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 21, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| MELISSA A. ALLEN, | ) | Circuit Court of |
|     Petitioner-Appellee, | ) | Sangamon County |
|     and | ) | No. 07D184 |
| RICKEY D. ALLEN JR., | ) | |
|     Respondent-Appellant. | ) | Honorable |
| | ) | Matthew Maurer, |
| | ) | Judge Presiding. |

---

JUSTICE HARRIS delivered the judgment of the court.
Justices Turner and Holder White concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Because respondent failed to present a complete record for reviewing his claimed errors on appeal, or a sufficiently reasoned argument to support his claims, the trial court's judgment—granting, in part, petitioner's motion for a declaratory judgment—is affirmed.

¶ 2    In August 2008, the marriage of petitioner, Melissa A. Allen, and respondent Rickey D. Allen Jr., was dissolved. Thereafter, Melissa filed a motion for declaratory judgment, asking the trial court to declare the parties' rights and obligations under their dissolution judgment and marital settlement agreement with respect to the payment of one of their children's uncovered orthodontic expenses. The trial court granted the motion, in part. Rickey appeals, arguing the trial court erred by ordering him to reimburse Melissa for the cost of orthodontic expenses and not admitting his exhibits at the hearing on Melissa's motion. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        The parties were married in June 1997 and had three children, Trey, Preston, and Laella. In March 2007, Melissa petitioned to dissolve the marriage and in August 2008, the trial court entered a judgment for dissolution of marriage that incorporated both a marital settlement agreement and a joint parenting agreement. One section of the parties' marital settlement agreement, entitled "Medical Insurance and Uncovered Medical Expenses," provided as follows: "The children have medical insurance coverage through Kids Care and each party shall pay one-half of any uncovered medical expense. Medical expenses shall include but are not necessarily limited to, medical treatment, prescribed medicines, dental, orthodontia, [and] prescription eyeglasses."

¶ 5        In April 2020, Melissa filed a motion for declaratory judgment. She alleged the parties' marital settlement agreement provided that they would equally split uncovered medical expenses for their children and, currently pending, was an orthodontic bill for Laella's braces, totaling $5800. Melissa maintained that in February 2020, she requested Rickey pay 100% of that bill because she had previously paid 100% of the cost of the orthodontic bill for Preston's braces after Rickey refused to contribute to that expense. She asked the trial court to enter an order "[d]eclar[ing] the parties' rights under the Marital Settlement Agreement and Judgment as it relate[d] to the payment of the outstanding [$5800] bill *** for Laella's braces" and "[g]rant[ing] such other, further[,] or different relief as the court deem[ed] just and appropriate." Attachments to Melissa's motion included (1) a February 2020 letter from Melissa's legal counsel to Rickey's counsel asking that Rickey pay the $5800 orthodontic bill and (2) a document from Brinley Orthodontics showing the amounts Melissa paid in connection with Preston's orthodontic treatment.

¶ 6        In June 2020, Rickey filed a *pro se* motion to terminate child support, asserting he had paid child support arrearages in full and that Preston would turn 18 years of age in July 2020. The same month, he filed a group of documents, which he identified in a cover letter as "Exhibits A through U." The cover letter described the documents as showing various child-related expenses that were the responsibility of both parties but which were paid exclusively by him.

¶ 7        On July 6, 2020, the trial court conducted a hearing on pending motions. Although the appellate record does not contain a transcript of that hearing, it does include the court's docket entry for that day, which states as follows:

"[Melissa] was present in person and by counsel ***. [Rickey,] self-represented[,] was present in person. This cause comes on for hearing on pending motions. Evidence and testimony presented. [Melissa's] exhibit #1 admitted without objection. [Rickey's] exhibit #1 admitted without objection. [Melissa's] motion for declaratory judgment is granted, in part, in that the parties are required to each pay one half of any uncovered medical expenses, including medical treatment, prescribed medicines, dental, and orthodontia, prescriptions and eyeglasses. [Melissa] paid 100% of Preston's braces in the amount of $4,595.44 of which [Rickey] owes one half or $2,297.72. The court orders that [Rickey] shall pay said amount at the rate of $250.00 per month, commencing August 1, 2020 by way of an order of withholding. The court orders that the parties are each responsible to pay one half of any uncovered medical expenses, including medical treatment, prescribed medicines, dental, and orthodontia, prescriptions and eyeglasses as set forth in the Marital Settlement Agreement for Laella. [Rickey's] motion to terminate child support is granted such that the child support for Preston

shall terminate July 18, 2020 in the event [Rickey] is current in his child support payments. [Melissa's counsel] shall prepare an order for submission to the court. Case closed. Cause stricken."

¶ 8        On July 8, 2020, the trial court's written order was filed. Consistent with its docket entry, the court granted Melissa's motion for a declaratory judgment in part, ordering (1) Rickey to reimburse Melissa for one-half of the orthodontic expenses associated with Preston's braces and (2) that both parties pay one-half of Laella's uncovered medical expenses, including dental and orthodontic expenses. As set forth in its docket entry, the court also granted Rickey's motion to terminate child support as to Preston once Preston obtained the age of 18. Finally, the court stated its order was final and appealable and there was no just cause for delay of enforcement or appeal.

¶ 9        This appeal followed.

¶ 10                              II. ANALYSIS

¶ 11        Rickey appeals *pro se* from the trial court's July 2020 order. He argues the court erred by (1) ordering him to reimburse Melissa for one-half of Preston's orthodontic expenses when she "did not follow the August 8, 2008 Joint Parenting Agreement" and (2) "not admitting" his "Exhibits A-U."

¶ 12        "The trial court may grant declaratory relief pursuant to section 2-701 of the Code of Civil Procedure." *Hess v. Miller*, 2019 IL App (4th) 180591, ¶ 25, 133 N.E.3d 1235 (citing 735 ILCS 5/2-701(a) (West 2016)). In a declaratory judgment action, the trial court's factual and credibility findings "will not be disturbed unless such findings are against the manifest weight of the evidence." *Board of Education, Proviso Township High School District No. 209 v. Jackson*, 401 Ill. App. 3d 24, 31, 927 N.E.2d 206, 212 (2010); see also *Eychaner v. Gross*, 202 Ill. 2d 228, 251, 779 N.E.2d 1115, 1130 (2002) (stating that where the trial court hears witnesses and resolves

- 4 -

conflicting facts, "a reviewing court will defer to the findings of the trial court unless they are against the manifest weight of the evidence.") However, "our review is *de novo* to the extent that the trial court's order was not based on factual determinations." *Hess*, 2019 IL App (4th) 180591, ¶ 25.

¶ 13    Additionally, "[i]t is within the discretion of the circuit court to decide whether evidence is relevant and admissible, and a reviewing court will not disturb the circuit court's decision absent a clear abuse of that discretion." *Peach v. McGovern*, 2019 IL 123156, ¶ 25, 129 N.E.3d 1249. "An abuse of discretion occurs only where no reasonable person would take the position adopted by the circuit court." *Id.*

¶ 14    Here, we first find there is an insufficient record from which to review Rickey's claims of error. We note "[a]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error[.]" *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391, 459 N.E.2d 958, 959 (1984). "[A] party's factual assertions in an appellate brief cannot serve as a substitute for a proper record." (Internal quotation marks omitted.) *Vance v. Joyner*, 2019 IL App (4th) 190136, ¶ 82, 146 N.E.3d 285. Further, when no transcript of a pertinent hearing is obtainable, an appellant may present a bystander's report or the parties may submit an agreed-upon statement of facts. Ill. S. Ct. R. 323(c), (d) (July 1, 2017).

¶ 15    "[I]n the absence of [a complete] record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch*, 99 Ill. 2d at 392. "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.*

¶ 16    As stated, Rickey challenges the trial court's July 2020 order in which it granted, in part, Melissa's motion for declaratory judgment following a hearing on that motion. However,

- 5 -

the appellate record contains no transcript of the pertinent hearing during which evidence and argument was presented to the court. The record also contains no bystander's report or agreed-upon statement of facts describing what occurred at the hearing. Thus, there is nothing for this court to review or evaluate with respect to Rickey's claims of error. As stated, under such circumstances, we must presume the trial court's order was entered in conformity with the law and had a sufficient factual basis.

¶ 17        Additionally, although we find the lack of a complete record is fatal to Rickey's appeal, we also note that he failed to set forth a fully developed and reasoned analysis as to each of the issues he presents on appeal, further complicating review. Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) sets forth requirements for the form and content of appellate court briefs. It provides that an appellant's brief must contain an "Argument" section that includes "the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Bare contentions in an appellant's brief without "argument or citation of authority do not merit consideration on appeal." (Internal quotation marks omitted.) *Hollenbeck v. City of Tuscola*, 2017 IL App (4th) 160266, ¶ 27, 72 N.E.3d 880; see also Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing."). Further, an appellant's *pro se* status does not excuse him or her from compliance with the requirements of Rule 341. *Evans v. Godinez*, 2014 IL App (4th) 130686, ¶ 40, 21 N.E.3d 1280.

¶ 18        Ultimately, "[a]ppellate courts are not depositories where litigants may dump the burden of argument and research," and this court is "entitled to have the issues clearly defined and a cohesive legal argument presented." *In re Marriage of Hundley*, 2019 IL App (4th) 180380, ¶ 82, 125 N.E.3d 509. Here, in the "Argument" section of his brief, Rickey fails to fully explain and

support his contentions of error. He presents conclusory arguments, consisting of only a few sentences, and entirely fails to cite either the appellate record or relevant legal authority. Thus, even if he had presented a sufficiently complete appellate record, we would be warranted in finding his issues forfeited as a result of the deficiencies in his appellant's brief.

¶ 19                                    III. CONCLUSION

¶ 20          For the reasons stated, we affirm the trial court's judgment.

¶ 21          Affirmed.