2023 IL App (1st) 221541-U

No. 1-22-1541

Order filed October 30, 2023.

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MATTHEW O'SULLIVAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2020 L 000905 |
| | ) | |
| DMI, LLC; NATHAN GREINER; CJ KUEHL; and | ) | The Honorable |
| BARTLY LOETHEN, | ) | James E. Snyder, |
| | ) | Judge Presiding. |
| Defendants-Appellees. | ) | |

_____

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Coghlan concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court's award of attorney fees to plaintiff was reasonable under the Illinois Wage Payment and Collection Act. Additionally, the court did not abuse its discretion in denying plaintiff additional costs, expenses and statutory interest under that Act. We affirm.

¶ 2     Plaintiff, Matthew O'Sullivan, filed a seventeen-count complaint against defendants,

DMI, LLC, Nathan Greiner, CJ Kuehl and Bartly Loethen, seeking damages for breach of

contract, fraudulent inducement, and violations of the Illinois Wage Payment and Collection Act

(Wage Act) (820 ILCS 115/1-15 (West 2018)), after defendants failed to pay plaintiff for his work in violation of the terms of his employment agreement.[1]

¶ 3       The trial court dismissed five of plaintiff's claims against defendants, then later entered summary judgment in favor of defendants on three additional claims brought by plaintiff. Following a bench trial on the remaining claims, plaintiff prevailed only on his claim against DMI, LLC, for its alleged violations of the Wage Act. The trial court subsequently awarded plaintiff $67,437.50, in damages, which included statutory interest and a statutory penalty, plus $35,000, in attorney fees.

¶ 4       Plaintiff now appeals, contending that the lower court erred by not awarding him additional attorney fees, costs, expenses, and statutory interest, that he was entitled to under the Wage Act. For the reasons that follow, we affirm the judgment of the trial court.

¶ 5                                    I. BACKGROUND

¶ 6       Briefly stated, plaintiff was Chief Executive Officer (CEO) of DMI, LLC, from August 1, 2019, to December 27, 2019. Nathan Grenier, CJ Kuehl and Bartly Loethen were members of the DMI, LLC, board, and also held other positions within the company. Loethen, an attorney in Illinois, negotiated plaintiff's employment agreement with DMI, LLC, which was effective beginning August 1, 2019. Under that agreement, DMI, LLC, had to pay plaintiff employment compensation "no later than October 31, 2019." According to plaintiff, DMI, LLC, failed to pay him by that date, and a couple months later, defendants asked plaintiff to accept a reduced salary. Plaintiff declined and was terminated from his employment on December 27, 2019.

¶ 7       In September 2020, plaintiff filed, as relevant here, a first amended seventeen-count complaint against defendants, seeking damages for breach of contract (counts I – IV), violations

---

[1]We note that plaintiff's briefs incorrectly identify Bartly as "Bartley" Loethen.

of the Wage Act (counts V – XVI), and fraudulent inducement (count XVII). Count V, which is at issue here, was directed solely against DMI, LLC. In that count, plaintiff alleged that DMI, LLC, violated the Wage Act because it failed to pay him all wages and final compensation that were "lawfully due" to him under his employment agreement. Plaintiff sought damages in the amount of $48,750, for unpaid compensation, plus statutory costs, expenses and attorney fees under the Wage Act, and statutory damages of 2% interest per month until the date of payment of all his wages and final compensation.

¶ 8     Defendants subsequently moved to dismiss plaintiff's first amended complaint pursuant to section 2-619.1 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2018)), arguing, in the main, that plaintiff's claims were redundant and lacked merit. More specifically, defendants asserted that DMI, LLC, complied with all obligations under plaintiff's employment agreement, that plaintiff's Wage Act claims against DMI, LLC, failed because they were based upon unsatisfied conditions, that plaintiff's Wage Act claim against Loethen failed because he was not plaintiff's "employer" as contemplated by the Wage Act, and finally, that plaintiff's fraudulent inducement claim against DMI, LLC, failed because it consisted of conclusory allegations that failed to identify a material misrepresentation of fact.

¶ 9     The trial court granted defendants' motion as to counts II, VI, X, XIV, and XVII of plaintiff's first amended complaint and dismissed those counts, but the court denied defendants' motion as to the remaining counts.

¶ 10    Sometime thereafter, defendants moved for partial summary judgment as to counts IV, VIII, XII, XIII, XV, and XVI of plaintiff's first amended complaint. Those counts predominantly sought an equity stake in DMI, LLC, but according to defendants, plaintiff was not entitled to equity in the company because he never purchased stock or executed a promissory note. Some of

those counts were also solely directed against Loethen and he was not an "employer" under the Wage Act. The trial court agreed with the latter argument and granted defendants' summary judgment motion as to counts XIII, XV, and XVI, which were directed against Loethen.

¶ 11                                              A. Bench Trial

¶ 12    The parties proceeded to a bench trial on the remaining counts of plaintiff's first amended complaint (counts I, III, IV, V, VII, IX, XI, and XII), beginning on May 4, 2022. The next day, defendants moved for a directed verdict on those counts. The trial court granted defendants' motion as to the counts except for count V, which, as stated, had been directed solely against DMI, LLC. On that count, the trial court entered judgment in favor of plaintiff and against DMI, LLC, in the amount of $67,437.50, for violations of the Wage Act.

¶ 13    In reaching its decision, the trial court stated:

         "The parties had agreements regarding when those wages would be payable, but

         they were earned when the work was commenced. And I find the judgment amounts are

         as follows for the three months. For the three-month period, which is August, September,

         October, $16,250, each of those three months. $812.50 of statutory interest. And a

         statutory penalty of $16,250. That's a total judgment amount of $67,437.50."

The court then entered judgment in favor of Greiner and Kuehl and against plaintiff on count IX of plaintiff's first amended complaint, which sought damages against those defendants for violations of the Wage Act.

¶ 14                                              B. Fee Petition

¶ 15    Plaintiff subsequently filed a petition for attorney fees and interest calculation, seeking $153,195, in attorney fees, $8,251.13, in costs and expenses, and $75,562.50, in interest, plus $80.13, in interest per day until his wages were fully satisfied. Plaintiff sought those attorney

fees and costs pursuant to section 14(a) of the Wage Act, which provides that a plaintiff who succeeds on his Wage Act claim "shall also recover costs and all reasonable attorney's fees." 820 ILCS 115/14(a) (West 2018). In his fee petition, plaintiff pointed out that his attorney, James Kopecky, had more than 27 years of experience representing clients in litigation, that his case involved complex issues of contract interpretation, among other things, that the purpose of the Wage Act is to protect exploited workers from unscrupulous businesses, that his attorney made reasonable efforts to resolve the matter before plaintiff filed his complaint against defendants but that defendants refused to pay him any part of his salary at that time, and that the fees charged by his attorney were reasonable and commensurate with the usual and customary charges in the community.

¶ 16    Additionally, plaintiff asserted that the trial court's statutory interest award of $812.50 was lower than what he was entitled to under the Wage Act. Specifically, plaintiff argued that, while $812.50 was a correct calculation of the monthly interest he was owed, he was owed that amount of interest for every month that his salary remained unpaid, pursuant to the Wage Act. Plaintiff, therefore, sought interest from the time period between November 1, 2019, and May 31, 2022, for a total amount of $75,562.50, plus $80.13, per day for every day after May 31, 2022, until his salary was paid in full.

¶ 17    In response, defendants challenged plaintiff's claimed fees, asserting they must be reduced since the case "was not complex and did not involve unique facts or novel questions of law" and the "claims were straightforward and all based on a simple set of facts." Defendants further argued that any complexity with respect to the pleadings was caused by plaintiff because he filed a seventeen-count complaint "when two counts would have sufficed." Defendants also pointed out that plaintiff's billing statements attached to his petition contained many entries for

clerical work, that it contained duplicate entries, and that the time spent on certain tasks was "excessive," like spending 30 hours on plaintiff's response to defendants' motion to dismiss.

¶ 18    Finally, defendants pointed out that, contrary to what plaintiff stated in his fee petition, defendants attempted to settle the matter on January 3, 2020, before plaintiff filed his complaint against them, for $79,153.23 (over $11,000 more than plaintiff obtained at trial). Defendants attached to their response the pre-litigation settlement offer that plaintiff refused. Defendants asserted that they were "forced to defend this action which included numerous unfounded counts" and that they "were forced to expend years' worth of attorneys' fees and litigation costs and spend time in conducting discovery, depositions, and trial, due to Plaintiff's unrealistic expectations." Moreover, "[t]he fact that Plaintiff could have settled his dispute prior to trial for more than what was awarded following trial" was directly related to the reasonableness factors the court had to consider in ruling on plaintiff's fee petition.

¶ 19    In September 2022, the trial court ruled on plaintiff's fee petition. Initially, the court made certain deductions to plaintiff's requested fees for clerical work. The court then found that, while plaintiff's attorney fees were reasonable, "there was not a reasonable nexus between the award and the attorney fees." More specifically, the court noted that "[t]he litigation itself was simple and not complex and [he] ultimately, the Plaintiff, prevailed at trial for less money than if [he] had accepted a pre-litigation offer, which the Court was not aware at trial." Consequently, the court found that "reasonable attorney fees for this matter are $35,000.00." The court denied plaintiff's request for additional legal costs and statutory interest.

¶ 20    Plaintiff now appeals.

¶ 21                                    II. ANALYSIS

¶ 22              A. Whether the award of attorney fees was reasonable under the Wage Act

¶ 23    We begin by addressing plaintiff's argument that the trial court erroneously denied him reasonable attorney fees under the Wage Act. While parties are generally responsible for their own attorney fees, a court may award reasonable fees and costs to a prevailing party where, as here, such fees are expressly authorized by statute or agreement. *Thomas v. Weatherguard Construction Co., Inc.*, 2018 IL App (1st) 171238, ¶ 61. Additionally, when a plaintiff presents several claims for relief in the same suit, and only some or one of the claims for relief are successful, attorney fees may be allowed for all claims which involve a common core of facts, or which are based on related legal theories. *Id*. ¶ 63. Importantly, the "key word in that sentence is 'may.' " *Id.*

¶ 24    Moreover, a trial court's decision to award attorney fees will not be disturbed on appeal absent an abuse of discretion, which occurs only when the court's ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the view adopted by the court. *In re Marriage of Heroy*, 2017 IL 120205, ¶¶ 13, 24. If, however, "an attorney fee determination involves the interpretation of a statute, that part of our analysis is subject to *de novo* review." *Thomas, Inc.*, 2018 IL App (1st) 171238, ¶ 63. And in that case, we perform the same analysis that a trial judge would perform. *Id.*

¶ 25    It is well settled that a court's primary objective in construing a statute is to ascertain and give effect to the legislators' intent. *Id.* ¶ 64. The best indicator of intent is the plain and ordinary meaning of the words employed in the statute. *Id.* Additionally, "[w]hen interpreting a statute, it must be viewed as a whole." *Holland v. City of Chicago*, 289 Ill. App. 3d 682, 687 (1997). Courts cannot read a particular provision of the statute in isolation; rather, it must be read in conjunction with all other relevant provisions. *Id.* Where, as here, the statutory language is plain

and unambiguous, we apply the statute without resorting to other aids of statutory interpretation. *Thomas, Inc.*, 2018 IL App (1st) 171238, ¶ 66.

¶ 26    With that in mind, section 14 of the Wage Act provides, as relevant here, that:

> "Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees."[2] 820 ILCS 115/14(a) (West 2018).

This statutory language unambiguously provides that a plaintiff is entitled to "all reasonable attorney's fees." *Id.*

¶ 27     In determining the reasonableness of the fees sought, courts consider a number factors, including the skill and standing of the attorney, the nature of the case, the novelty and/or difficulty of the issues and work involved, the importance of the matter, the degree of responsibility required, the usual and customary charges for comparable services, the benefit to the client, and whether there is a reasonable connection between the fees and the amount involved in the litigation. *Young v. Alden Gardens of Waterford, LLC*, 2015 IL App (1st) 131887, ¶ 102 (citing *Kaiser v. MEPC American Properties, Inc.*, 164 Ill. App. 3d 978, 984 (1987)). Additionally, a properly supported fee petition should specify the services performed,

---

[2]We note that the statute has since been amended to increase the statutory interest amount to 5%. The parties make clear in their briefs that they are aware of that fact. While it appears that the trial court, following the bench trial, applied 5% statutory interest, rather than 2% (which was in effect at the time plaintiff claimed DMI, LLC, failed to pay his wages through the filing of his complaint), we cannot be certain because the record is unclear as to the court's basis for its statutory interest ruling, as will be discussed more below.

by whom, the time expended, and the rate charged. *Young*, 2015 IL App (1st) 131887, ¶ 102. It is the burden of the party seeking fees to present sufficient evidence supporting a determination that the fees sought are reasonable. *Id.*

¶ 28     Moreover, "[o]ne of the most critical components of a fee petition is detailed entries describing services rendered based on records 'maintained during the course of the litigation containing facts and computations upon which the charges are predicated.' " *Id.* ¶ 103 (citing *Kaiser*, 164 Ill. App. 3d at 984). While estimates can be considered by the court, the failure of counsel seeking fees to maintain contemporaneous time records impedes the court's ability to determine whether the claimed time spent is reasonable. *Young*, 2015 IL App (1st) 131887, ¶ 103. We observe the fact that the amount of fees sought exceeds the client's recovery, even by a large margin, does not, alone, justify rejection of the amount sought. *Id.* ¶ 104. A more relevant consideration in the trial court's determination of a reasonable fee, however, is the size of the fee in relation to the benefit of the client. *Id.*

¶ 29     Applying the standards above, we cannot say that the trial court erred in its award of attorney fees to plaintiff or that it denied him reasonable attorney fees in accordance with the Wage Act. Here, the trial court awarded plaintiff $35,000, in attorney fees and costs, which was significantly less than the $153,195, in attorney fees sought by plaintiff. As previously set forth, the court found that, while plaintiff's attorney fees were reasonable, they were not reasonable in connection to the judgment and litigation work in this case. In making its determination, the court further found that "[t]he litigation itself was simple and not complex" and that plaintiff "prevailed at trial for less money than if [he] had accepted a pre-litigation offer," a fact the court was not aware of at trial. These were appropriate considerations by the court in determining the reasonableness of the fees sought by plaintiff.

¶ 30　　Furthermore, as to plaintiff's claim that the trial court's award was too low because the Wage Act calls for him to be paid "all reasonable attorney's fees," and the court found his claimed fees "reasonable," this ignores the number of other factors the court must consider in making its final reasonableness determination, like the complexity of the litigation and work involved, as well as the fees sought in connection to the judgment amount. Plaintiff has not argued, let alone shown, that his claimed $153,195, in attorney fees, was reasonable. Instead, he asserts that the Wage Act calls for him to be paid all his claimed fees because the trial court found such fees to be "reasonable." But, as shown above, there were many other factors the court had to consider in determining the reasonableness of the fees sought, and we believe the trial court correctly observed that the litigation and work involved in this matter were not particularly complex.

¶ 31　　We also observe, as the trial court noted, that plaintiff elected to not accept defendants' pre-litigation settlement offer, which was almost $12,000 more than he ultimately obtained at trial. While plaintiff certainly was entitled to decline the offer, he incurred more attorney fees and litigation expenses in refusing to settle the matter and eventually obtained less at trial than he would have had he accepted the offer. Moreover, it bears repeating that plaintiff did not inform the court below of defendants' settlement offer, and in fact, plaintiff claimed in his fee petition that his attorney made reasonable efforts to settle the matter but that defendants refused to pay him any part of his salary, leading him to initiate this suit, a claim that is clearly rebutted by the record in this case.

¶ 32　　Based on the foregoing, we conclude that the trial court neither erred nor abused its discretion when it awarded plaintiff $35,000, in attorney fees because those fees were reasonable under the Wage Act and Illinois law.

¶ 33                              B. Whether plaintiff was entitled to recoverable costs

¶ 34     Next, plaintiff challenges the trial court's denial of his request for legal costs and

expenses. Here, plaintiff sought $8,251.13, in costs and expenses. According to plaintiff's

attorney, those costs were for "a process server, court reporters and transcripts for five

depositions." Plaintiff, however, did not submit invoices for his claimed expenses. Instead,

plaintiff attached to his fee petition line-item sheets compiled by his attorney containing brief

descriptions of the alleged work performed, the date on which it was performed, the number of

hours involved, the amount billed for the work, and the initials of the attorney who worked on

the matter. Additionally, the line-item sheets contain disbursements that refer to invoice numbers

but do not contain the actual invoices. For example, plaintiff submitted disbursements in the

amounts of $543.75, and $391.00, for "TIF Processing" and "Invoice#5361955," respectively.

Plaintiff also submitted a disbursement of $5,645.38, for "Business Card 4/10/202-5/09/2022,"

but did not provide a formal invoice for that disbursement. Without invoices for the alleged

expenses incurred by plaintiff's counsel, the trial court could not fulfill its function to determine

to whom the claimed amounts were paid and for what litigation-related purpose. See, *e.g.*, *id.*, ¶

111 (where the plaintiff's counsel failed to supply invoices for the claimed expenses, the

reviewing court held that the trial court did not abuse its discretion "in limiting recoverable costs

to those of which it could take judicial notice, *i.e.*, the court's filing fee and the sheriff's fee for

service of process").

¶ 35     To the extent plaintiff asserts the trial court failed to address his request for costs and

expenses in its final order, a review of that order shows that the court considered the costs

incurred by plaintiff's attorney in determining what attorney fees were reasonable. The court's

order contains a heading addressing "Reasonable Fees and *Costs*" (emphasis added) with respect

to plaintiff's fee petition. Moreover, the court made specific deductions to the attorney fees sought by plaintiff based on "clerical work," which can be construed as administrative work. Legal costs often consist of administrative, or clerical, work. In any event, as noted above, plaintiff's counsel did not provide official invoices for the claimed expenses. Without that evidence, we cannot say that the lower court abused its discretion in declining to award plaintiff those costs and expenses.

¶ 36    C. Whether plaintiff was entitled to more statutory interest under the Wage Act

¶ 37    Finally, plaintiff challenges the trial court's award of statutory interest. Here, following the bench trial, the trial court awarded plaintiff statutory interest in the amount of $812.50, as well as a statutory penalty of $16,250. Plaintiff, however, asserts that he was entitled to $75,562.50, in statutory interest because the Wage Act called for him to be paid interest for each month following the date of payment during which such underpayments remain unpaid (see 820 ILCS 115/14(a) (West 2018)).

¶ 38    While defendants assert that plaintiff is essentially trying to modify the lower court's judgment entered in his favor after the bench trial, rather than challenging the court's subsequent ruling on his fee petition, the record shows the lower court briefly acknowledged plaintiff's argument for more statutory interest in its final order ruling on his fee petition. Specifically, the court noted both parties' arguments concerning statutory interest, then denied plaintiff's request for the additional interest. The court, however, did not state its reasons for denying plaintiff's request, and plaintiff has not provided this court with a report of proceedings so that we could discern the basis for the court's denial of additional interest.[3] It is plaintiff's burden as the

_____

[3] We note that we have a copy of a partial transcript from the second day of the bench trial. That transcript was attached to defendants' response to plaintiff's fee petition and is included in the common law record; however, we do not have an official report of proceedings, and regardless, the transcript is not from the hearing at issue when the court ruled on plaintiff's fee petition and denied his request for

appellant to provide a sufficiently complete record on appeal so that this court can be fully informed about the issues, and absent a complete record, it is presumed that the trial court's judgment conforms to the law and has a sufficient factual basis. *People v. Carrion*, 2020 IL App (1st) 171001, ¶ 34. Simply put, any doubts arising from this incomplete record are resolved against plaintiff. See *id.*

¶ 39    Because the record in this case is incomplete, we defer to the trial court's judgment. We further note that we can affirm on any basis in the record and nothing in the record before us provides a basis for concluding that the trial court abused its discretion in declining to award plaintiff additional statutory interest. See *In re Marriage of Heroy*, 2017 IL 120205, ¶ 24 (noting that "[t]his court may affirm the judgment of the circuit court on any basis contained in the record").

¶ 40                                III. CONCLUSION

¶ 41    For the foregoing reasons, the judgment of the trial court is affirmed.

¶ 42    Affirmed.

---

additional statutory interest. See, *e.g.*, *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984) ("As there is no transcript of the hearing on the motion to vacate here, there is no basis for holding that the trial court abused discretion in denying the motion.").