2025 IL App (2d) 240740-U
No. 2-24-0740
Order filed March 5, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CF-1846 |
| SCOTT J. JOANIS, | ) ) | Honorable John A. Barsanti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE KENNEDY delivered the judgment of the court.
Justices Jorgensen and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Because defendant failed to provide a transcript from the hearing on his motion for relief in the record on appeal, we presume that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Affirmed.

¶ 2    Defendant, Scott J. Joanis, appeals from the denial of his pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)). For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On August 22, 2024, defendant was charged via complaint with 1 count of predatory

criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2002)); 8 counts of aggravated criminal sexual assault (*id.* §§12-14(a)(2), (b)(ii) (West 2006)); and 28 counts of criminal sexual assault (*id.* §§12-13(a)(1), (3)) arising from allegations that defendant sexually assaulted his younger brothers, T.J. and B.J., between 1998 to 2006.

¶ 5    On September 27, 2024, the State filed a verified petition to deny pretrial release pursuant to section 110-6.1 of the Code. A hearing was held on the State's petition on October 1, 2024, and the trial court granted the State's petition to deny defendant pretrial release.

¶ 6    On November 6, 2024, defendant filed his "Motion to Reconsider Detention and Motion for Relief." On November 13, 2024, the trial court denied defendant's motion. The order contains the following language: "Defendant's petition for relief from detention is denied; the court finds the defendant's detention is necessary and to be continued."

¶ 7                                II. ANALYSIS

¶ 8    On appeal, defendant argues that the State failed to show by clear and convincing evidence that (1) the proof was evident or presumption great that defendant committed the charged offenses, as the allegations are supported only by defendant's brothers' statements made 18 years after the fact; (2) defendant poses a real and present threat to the safety of any person or persons or the community, because the State's theory that defendant would retaliate against his brothers was speculative and defendant has no criminal history; and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, because there was no evidence that defendant posed a danger to his brothers, he had no criminal history, and he was willing to comply with any conditions imposed by the court.

¶ 9    Between the filing of the parties' briefs and the writing of this disposition, our supreme court clarified the standard of review which applies when reviewing a circuit court's ultimate

detention decision under section 110-6.1 of the Code. In instances when live witness testimony is presented, the trial court's ultimate decision and underlying factual findings will not be disturbed on review unless found to be contrary to the manifest weight of the evidence. *People v. Morgan*, 2025 IL 130626, ¶ 38. However, where parties proceed solely by proffer or similar evidence, the trial court does not gauge the demeanor and credibility of witnesses, and therefore our review is *de novo*. *Id.* ¶ 44.

¶ 10　　The record on appeal includes a transcript from the hearing on the State's petition to deny pretrial release, and the hearing involved no live witness testimony. However, the record does not contain a transcript for the hearing on defendant's motion for relief, and the trial court's order contains no indication of what arguments or evidence, if any, were presented.

¶ 11　　"[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 12　　Without a complete record we have no way of knowing whether any live witnesses were called, or whether the State proffered any additional evidence to that which it presented at the pretrial detention hearing. For instance, the police synopsis indicated that defendant had sexually assaulted a third victim, whom police were attempting to interview at the time the original synopsis was written. Further, without knowing whether the trial court heard live witness testimony, about this or any other issue, we cannot know which standard of review to apply. *People v. Morgan*, 2025 IL 130626, ¶¶ 38, 44.

¶ 13　　Absent a report of proceedings from the November 13, 2024, hearing, we must affirm the

trial court's order denying defendant pretrial release.

¶ 14    Finally, the disposition in this appeal was due March 3, 2025, 150 days after the filing of defendant's notice of appeal. This disposition was filed two days after the deadline elapsed due to an illness of the authoring justice's staff, and good cause exists to have exceeded the deadline for resolution of this appeal.

¶ 15                            III. CONCLUSION

¶ 16    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 17    Affirmed.