2025 IL App (1st) 241155-U

SIXTH DIVISION

March 21, 2025

No. 1-24-1155

**NOTICE**:  This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS TRUSTEE FOR MORTGATE ASSETS MANAGEMENT SERIES I TRUST, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 21 CH 5220 |
| | ) | |
| LACHELLE D. BOWERS, | ) ) | Honorable James T. Derico, Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE C.A. WALKER delivered the judgment of the court.
Presiding Justice Tailor and Justice Gamrath concurred in the judgment.

**ORDER**

¶ 1    ***Held:***    The circuit court's order approving a judicial sale is affirmed because appellant did
not provide a sufficient record for review of her claims.

¶ 2    Appellant Lachelle D. Bowers appeals from the circuit court's grant of appellee Bank of New York Mellon Trust Company's (the Bank) motion for entry of a judicial sale, alleging that the Bank failed to serve her properly during the foreclosure process, and did not permit her to purchase the property at issue at 95% of its appraised value per federal regulations. We affirm.

¶ 3                               BACKGROUND

¶ 4    This case arises from a reverse mortgage procured by Julie Ann White, now deceased, for her home located on the 300 block of West 106th Place in Chicago (the Property). The initial mortgagee later assigned the reverse mortgage to the Bank. White died on February 19, 2020, and the probate court named Bowers, White's great niece, the administrator of White's estate in November 2021.

¶ 5    On October 13, 2021, the Bank filed its complaint to foreclose the mortgage on the Property. Therien, it alleged in relevant part that White executed the reverse mortgage on December 10, 2008. The original indebtedness was for a maximum balance of $255,000. Due to White's passing, the unpaid balance of $186,854.51 as of February 19, 2020, became immediately due.

¶ 6    Initially, the Bank listed "unknown heirs and legatees" as the defendants in its October 13, 2021 complaint, but filed a motion to amend its complaint to add Bowers on April 18, 2022. In the accompanying notice of motion, the Bank indicated that it served Bowers with the notice and motion via the U.S. Mail at an address on the 1600 block of East 56th Street in Chicago. The circuit court granted the motion, and the Bank filed its amended complaint on April 26, 2022. The record contains a certification that a process server served the amended complaint on Bowers via personal service on May 6, 2022.

¶ 7    On July 7, 2022, the Bank filed a motion for default and for entry of judgment of foreclosure and sale, alleging that it served Bowers via personal service with its amended complaint on May

6, 2022, but she had not yet filed an "appearance, motion[] or answer[]," and 60 days had elapsed from the date of service. The Bank noticed the motion for August 1, 2022, and filed notice of service via mail to Bowers at the 56th Street address.

¶ 8    On August 1, 2022, the circuit court entered a judgment for foreclosure and sale of the Property and an order of default against Bowers. The redemption period expired on December 4, 2022.

¶ 9    On November 2, 2022, the Bank filed a notice of sale on December 5, 2022. The Bank filed a "proof of sending" of the notice to Bowers via mail to the 56th Street address, and also filed certificates of publication in the Chicago Daily Law Bulletin (CDLB) and Mount Greenwood Express (MGE).

¶ 10    On June 16, 2023, the Bank filed another notice of sale, now listing a date of July 10, 2023. It again filed certificates of publication in the CDLB and MGE.

¶ 11    On December 1, 2023, the Bank again filed a notice of sale, with the new date of January 4, 2024. It again filed certificates of publication in the CDLB and MGE.

¶ 12    On March 7, 2024, the Bank filed a motion for an order approving the sale of the Property to the Bank for $94,000, along with a report of sale and distribution, which noted that the January 4, 2024 sale had been "continued" to March 1, 2024, when the sale was finalized. The Bank again filed a notice maintaining that it served these filings on Bowers at the 56th Street address via the mail.

¶ 13    On March 24, 2024, Bowers filed an appearance and answer, in which she alleged that the Bank "will not honor 95% of current $55,000 appraised value." She further alleged her defenses were "improper service" and "special right to redeem."

¶ 14   In her "Emergency Motion to Dismiss and Vacate Foreclosure Sale," filed that same day, Bowers argued "bad service of process" because "she did not receive a summons" and "this motion" was not mailed to the Property, but "via USPS mail to a secondary address." She only learned of the sale via an unsolicited text message from a "foreclosure specialist." Regarding her "special right to redeem" claim, she cited federal regulations which she alleged granted her "the sole, exclusive right to purchase the property at 95% of the current $55,000 appraised value." She further alleged the Bank would not "sell to [her] or even present [her] the offer documentation." Bowers attached an "Illinois Appraisal" document, which listed a value of $55,000 for the Property as of March 7, 2024, using a "sale comparison approach."

¶ 15   On March 27, 2024, the circuit court entered an order continuing the Bank's motion to approve the sale, striking Bowers' emergency motion, and giving Bowers 28 days to respond to the Bank's motion to approve. The order set a hearing date of May 22, 2024.

¶ 16   On April 23, 2024, Bowers filed a "Motion to Dismiss Plaintiff's Motion, Vacate Default Judgment and Judicial Sale," in which she requested the circuit court "remand this matter for further proceeding of the appraisal dispute and/or back to [the United States Department of Housing and Urban Development] to enforce the 95% of the $55,000 current value to be wired via Chase Bank within 5-21 days upon receipt of the executed contract." Bowers argued that the foreclosure sale should be voided because it was unconscionable. She referenced five "cancelled" court dates between May 18, 2022, and December 29, 2023, and maintained the cancellation occurred "because [Bowers] was in probate for [the Property] and had completed the 'heir payoff' paperwork with PHH Mortgage."[1] Bowers further argued that PHH appraised the Property at

---

[1] PHH is apparently a debt collection organization that communicated with Bowers about the reverse mortgage, though PHH's relationship with the Bank is not explained in the record.

$152,000, which was an overvaluation, and did not inform Bowers that it had rejected her proposed valuation until after the judicial sale.

¶ 17    Finally, Bowers referenced a purported contract for the sale of the Property, stating she "received the enclosed contract for purchase of [the Property] for $52,500 on 4/1/24 that was rescinded by on 4/2/24 by the Asset Manager." Bowers attached an unsigned and undated "Multi-Board Residential Real Estate Contract 7.0" document, listing her as the buyer and HB2 Alternative Holdings, LLC, as the seller for the Property at a purchase price of $52,500. The majority of the contract is uninitialed and unsigned, and closing is listed as "within 30 days" of 2024, with no other dates listed.

¶ 18    On April 26, 2024, Bowers filed a "motion to quash 8/1/2022 default judgment of foreclosure and sale," generally arguing that she had been misled to believe any court date before March 27, 2024, had been cancelled by the Bank's attorneys, and this issue constituted a "lack of diligence" that was "sufficient to vacate" the default judgment and foreclosure sale.

¶ 19    On May 22, 2024, following a hearing, the circuit court entered an order "approving report of sale and distribution, confirming sale and order of possession." The court made findings, in relevant part, that "all notices required by [statute] have been properly given," "the sale was fairly and properly made," and "justice was done." No report of proceedings or bystander's report appears in the record for the proceeding.

¶ 20    This appeal followed.

¶ 21                                  JURISDICTION

¶ 22    The circuit court entered its order denying Bowers' motions and approving the sale on May 22, 2024, and Bowers filed her notice of appeal on May 29, 2024, giving this court jurisdiction

pursuant to article VI, section 6 of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017).

¶ 23                                                ANALYSIS

¶ 24    On appeal, Bowers claims the circuit court erred by approving the sale because it improperly denied her claims that (1) she was denied her right to an "heir purchase" of the Property, and (2) the Bank failed to provide her with sufficient notice or service during the course of litigation.

¶ 25    Respecting the "heir purchase" issue, the relevant section of the Code of Federal Regulations provides that after the Bank provided Bowers with notice that the reverse mortgage was due, it then had to provide 30 days for Bowers to either pay the outstanding loan balance, sell the Property at 95% of its appraised value, or provide the Bank with a deed in lieu of foreclosure. 24 C.F.R. § 206.125(a)(2)(i)-(iii) (2025). Bowers generally contends the Bank violated this regulation by refusing to accept her proposal to purchase the Property at 95% of the appraised value of $55,000. In arguing the court improperly resolved this issue in the Bank's favor, Bowers references arguments she made at the May 22, 2024 hearing, and the court's alleged statements in response, including that the court told her she was "too late." The Bank responds that the record is insufficient for review.

¶ 26    It is well established that an appellant must provide the reviewing court with an adequate record for consideration of her claims. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Without an adequate record, the reviewing court must presume the "order entered by the trial court was in conformity with law and had a sufficient factual basis." *Id.* at 392.

¶ 27    Here, Bowers has not provided a report of proceedings or bystander's report from the May 22, 2024 proceedings. As a result, we do not know what the parties argued regarding the applicability of the federal regulations, the viability of the competing appraisals, or the notice and

service issues Bowers purportedly raised, or the bases for the circuit court's decision to resolve these issues in the Bank's favor. Accordingly, we must find the court had a sufficient factual basis for its findings, and those findings were in accordance with the law. *Foutch*, 99 Ill. 2d at 391-92.

¶ 28                                                CONCLUSION

¶ 29    For the foregoing reasons, the circuit court's order of May 22, 2024, is affirmed.

¶ 30    Affirmed.