2025 IL App (1st) 241673-U

No. 1-24-1673

Order filed October 22, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| C.A. LOVE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 L 12778 |
| | ) | |
| McDONAGH DEMOLITON INC., | ) | Honorable |
| | ) | Jasmine Villaflor Hernandez, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Justices Lampkin and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the trial court's judgment where appellant has failed to provide an adequate record on appeal for review of her claim.

¶ 2    Plaintiff C.A. Love appeals the trial court judgment in favor of defendant McDonagh Demolition Inc. relating to her complaint for damage caused to her property and resulting pain and suffering. On appeal, Love argues that the trial court erred in entering judgment in McDonagh's

favor at the prove-up hearing following an order finding McDonagh in default. Because Love has failed to present an adequate record on appeal for our review, we affirm.

¶ 3     The record on appeal does not contain a report of proceedings or any acceptable substitute. We derive the following facts from the common law record.

¶ 4     On December 20, 2023, Love filed *pro se* a complaint against McDonagh alleging that a McDonagh employee named "Douglas" intentionally traumatized and threatened her by "getting all up in [her] face being hostile." Douglas stated that he was angry with her as she "[got] him in trouble" by complaining of damage to her property caused by demolition of the house next door to hers. Love alleged that her garage had burned down and fence, gate, windows, and vehicles were damaged or destroyed due to McDonagh's actions. Love alleged physical and emotional injuries, including pain and suffering. She referenced "police reports," and stated that McDonagh refused to pay for the damages. Love requested pain and suffering, punitive, and property damages totaling $6,000,000. Love attached copies of two "Victim Information" notices from the Chicago police department: (1) number JG210384 dated March 22, 2023, for criminal damage to property, and (2) number JG218663 dated April 11, 2023, for a fire. She also attached photographs of her property damage and a list of items that were stored in the garage.

¶ 5     On May 23, 2024, Love filed an exhibit consisting of a single handwritten page reciting that an incident occurred in court on May 7, 2024, during which "Robert" from McDonagh threatened her. Love referenced "police report" number JH255054. The record contains a "Victim Information Notice" number JH255054 from the Chicago Police Department, which identified the incident as simple assault and left blank the date of occurrence.

¶ 6    On June 10, 2024, the day of a status hearing, Love filed the same single page exhibit and another exhibit labeled "Part of Complaint." The second exhibit consisted of two handwritten pages discussing, *inter alia*, the damage to her property, her notice to McDonagh of the damages, and her contact with the police department.

¶ 7    On June 10, 2024, the court entered a default order against McDonagh and set the prove-up hearing for July 24, 2024. The order reflects that only Love appeared in court and directs Love to mail a copy of the order to McDonagh.

¶ 8    The record includes a receipt dated April 15, 2024, for, among other things, the installation of a fence, window pane, and landscaping totaling $14,198; a receipt dated February 1, 2024, for "Garage Project" totaling $23,500; a bill of sale dated November 24, 2023, for a 1988 Cadillac; and a certified mail receipt dated July 15, 2024, addressed to McDonagh.

¶ 9    On July 24, 2024, the court held the prove-up hearing. According to the court's written order, only Love appeared for the hearing. The court entered judgment for McDonagh.

¶ 10    On appeal, Love argues that the trial court erred in entering judgment for McDonagh at the prove-up hearing. She contends that McDonagh's failure to participate in the proceedings resulted in the admission of the allegations in her complaint and the only remaining question before the court was the amount of damages, for which she had offered supporting evidence, including paid bills and photographs. Love contends that the record is insufficient for this court to ascertain her damages. She requests that we vacate the trial court's judgment for McDonagh and remand for a determination of damages.

¶ 11    As a threshold matter, McDonagh has filed a motion to strike Love's brief or, in the alternative, portions thereof, which we have taken with the case. In the motion, McDonagh notes

that the trial court's written orders provided no explanation for the entry of judgment in its favor and against Love, and no transcript, bystander's report, or agreed statement of facts are included in the record on appeal. Thus, McDonagh contends, in the absence of a complete record, this court must presume the trial court's order was in conformity with the law and had a sufficient factual basis. McDonagh also asserts that we must strike or ignore facts, exhibits, and arguments Love introduces on appeal that are not part of the record and were not raised before the trial court. McDonagh further asserts that the statement of facts and argument sections of Love's brief fail to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). McDonagh raises similar contentions in its brief on appeal, requesting that we strike Love's brief and affirm the trial court's judgment in its favor.

¶ 12    We deny the motion to strike. This court may strike a brief and dismiss the appeal for failure to comply with the mandatory supreme court rules governing appellate procedure. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. However, striking an appellate brief for failure to comply with supreme court rules is a harsh sanction and deemed appropriate only when the alleged violations of the rules interfere with or preclude review. *In re Detention of Powell*, 217 Ill. 2d 123, 132 (2005). We decline McDonagh's request to strike Love's brief as the record is short and it is apparent that Love challenges the trial court's judgment in favor of McDonagh following a prove-up hearing.

¶ 13    Nevertheless, we agree with McDonagh that, to the extent Love raises issues and exhibits on appeal that she did not present to the trial court, we will not consider them. *K & K Iron Works, Inc. v. Marc Realty, LLC*, 2014 IL App (1st) 133688, ¶ 25 ("arguments not raised before the circuit court are forfeited and cannot be raised for the first time on appeal.").

¶ 14    We also agree that we cannot conduct a meaningful review of Love's appeal as the record on appeal lacks a report of proceedings or an acceptable substitute. See Ill. S. Ct. R. 321 (eff. Oct. 1, 2021) (the record on appeal shall include any report of proceedings prepared); Ill. S. Ct. R. 323 (eff. July 1, 2017) (detailing contents of report of proceedings and procedure if no transcript is available).

¶ 15    Love, as appellant, bears the burden of presenting a sufficient record so that this court may evaluate the alleged error. *Maniscalco v. Porte Brown LLC*, 2018 IL App (1st) 180716, ¶ 30. Any doubt arising from the record's incompleteness will be construed against her. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). Absent a sufficient record, we must presume that the trial court's order conformed with the law and had a sufficient factual basis. *Id.*

¶ 16    Love appeals the trial court's judgment entered in favor of McDonagh after the prove-up hearing, following the court's prior order of default against McDonagh. Even where a default order has been entered against a defendant, "the plaintiff is still required to prove up its default damages." *Illinois Neurospine Institute, P.C. v. Carson*, 2017 IL App (1st) 163386, ¶ 33. We will not disturb a trial court's finding on damages unless it was against the manifest weight of the evidence. *Slyce Coal Fired Pizza Co. v. Metropolitan Square Plaza, LLC*, 2025 IL App (1st) 221279, ¶ 171. A finding is against the manifest weight of the evidence where "the opposite conclusion is clear" or the judgment "appears to be unreasonable, arbitrary, or not based on evidence." (Internal quotation marks omitted.) *Id.*

¶ 17    The record establishes that the trial court held a prove-up hearing. Love contends that she offered evidence supporting her damages. The record contains what appear to be Love's receipts for repairs to her property and the sale of a Cadillac. However, there is no report of proceedings,

bystander's report, or other record of the prove-up hearing other than the order finding for defendant. Thus, "we have no way of knowing" what evidence plaintiff presented as to her damages, what evidence the trial court accepted or rejected, and the basis for the court's judgment. *Neurospine Institute*, 2017 IL App (1st) 163386, ¶ 33. The record is therefore insufficient for our review of the trial court's judgment for defendant. See *Foutch*, 99 Ill. 2d at 391 ("From the very nature of an appeal it is evident that the court must have before it the record to review in order to determine whether there was the error claimed by the appellant."). Based on the incompleteness of the record, we must presume that the trial court acted in conformity with the law and had a sufficient factual basis for its judgment in favor of McDonagh. *Id.* at 392.

¶ 18    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County. Regarding the motion to strike Love's brief taken with the case, we deny the motion.

¶ 19    Affirmed; motion denied.