2026 IL App (1st) 251142-U

SIXTH DIVISION

May 8, 2026

No. 1-25-1142

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| IRIS MELENDEZ, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 21 L 9639 |
| | ) | |
| IRVIN WIESMAN, M.D. and IRVIN WIESMAN, M.D., S.C., | ) | Honorable |
| | ) | Thomas M. Cushing, |
| | ) | Judge, presiding. |
| Defendants-Appellees. | ) | |

_____

PRESIDING JUSTICE C.A. WALKER delivered the judgment of the court.
Justices Pucinski and Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The circuit court's order denying plaintiff's motion for a new trial is affirmed because the court's handling of a jury question was within its discretion, and the record is insufficient for review of plaintiff's claims that the court erred by denying her motion for a mistrial, engaging in improper conduct during closing arguments, and permitting cumulative testimony.

¶ 2     Plaintiff Iris Melendez sued the defendant Irvin Wiesman, M.D. (Wiesman), and his self-titled corporation Irvin Wiesman M.D., S.C. (S.C.), for medical negligence related to a surgical procedure Wiesman performed on Melendez. Following trial, the jury entered a general verdict for the defendants. Melendez filed a post-trial motion, alleging that the circuit court (1) erred by not granting a mistrial after certain photos were improperly shown to the jury, (2) prejudiced her through its conduct during her attorney's closing argument, (3) did not sufficiently respond to a jury question, and (4) permitted cumulative expert witness testimony. The court denied Melendez's post-trial motion, and she appealed. For the reasons below, we affirm.

¶ 3                                    BACKGROUND

¶ 4     Melendez filed her complaint on September 29, 2021. The surgical procedure at issue had four primary aspects: (1) scar tissue removal, (2) removal of ruptured breast implants, (3) replacement of the implants, and (4) a "vertical breast lift." The procedure occurred on April 7, 2015. On May 27, 2015, Melendez returned to Wiesman's facility and complained of "redness around the areola and surgical site, and scabbing on and near the surgical scar." Wiesman allegedly only responded that this was "normal." By June 10, however, her symptoms worsened, and she contacted her primary care physician after being unable to contact Wiesman. Melendez's primary care physician diagnosed her with an infection and prescribed antibiotics on June 11. That same day, an ultrasound examination revealed "an infectious lump in [Melendez's] breast." Melendez was hospitalized for treatment of a "severe breast infection" from June 11 to June 14, 2015.

¶ 5     The matter proceeded to a jury trial in October 2024. Before trial started, Melendez voluntarily dismissed her claims against all defendants besides Wiesman and S.C. The parties brought  motions *in limine*, two of which are relevant to this appeal. First, in Melendez's motion *in limine* No. 3, she moved that the circuit court "bar use of plaintiff's pre-existing conditions or

injuries," including evidence of "[c]onditions related to past surgical procedures." There is no transcript in the record on appeal of any argument regarding this motion, nor is there a written order on the motion. Next, in Melendez's motion *in limine* No. 41, she requested that the circuit court bar the testimony of defense witness Dr. Daniel Zimmerman because it would be cumulative to other defense expert witness testimony. The court denied the motion.

¶ 6     After the close of evidence, the circuit court's instructions to the jury included a modified version of Illinois Pattern Jury Instructions, Civil, No. 20.01 (approved Aug. 2023) (hereinafter IPI Civil No. 20.01), which read:

"The plaintiff claims that she was injured and sustained damage, and that the defendants were negligent in one or more of the following respects:

As to defendants, Irvin Wiesman, M.D., and Irvin Wiesman, M.D., S.C., in one or more of the following respects:

1.  Failed to perform the vertical breast lift procedure requested and consented to by Plaintiff;

2.  Removed breast tissue during breast procedure;

3.  Performed unnecessary surgical procedure on the premise of medical necessity; and

4.  Failed to timely respond to and diagnose Plaintiff's complaints consistent with infection.

The defendants deny that they did any of the things claimed by the plaintiff, deny that they were negligent in doing any of the things claimed by the plaintiff and deny that any claimed act or omission on the part of th[e] defendants was a proximate cause of the plaintiff's claimed injuries.

The defendants further deny that the plaintiff was injured or sustained damages to the extent claimed."

¶ 7 During its deliberations, the jury sent two written questions to the circuit court. As relevant here, in their second question, received by the court at 2:50 p.m. on October 24, 2024, the jury asked, "We, the jury, would like an explanation of the first sentence" of IPI Civil No. 20.01. At 3:23 p.m. on October 24, the court responded by asking for clarification, sending a message to the jury that read, "I am in receipt of your question requesting explanation of the first sentence of an instruction. Specifically, what are you asking to be explained?"

¶ 8 The next day, on October 25, 2024, the jury ruled in favor of the defendants. It entered its verdict without first responding to the circuit court's request for clarification. The record contains a document titled, "Plaintiff's Emergency Motion to Request That This Honorable Court Answer The Jury Question As To The Issues Instruction," which is stamped as filed on October 25, 2024, at 4:01 p.m.

¶ 9 Melendez filed a post-trial motion, requesting a new trial on four bases: the circuit court (1) erroneously failed to grant her motion for a mistrial; (2) improperly interfered with her counsel's closing argument, including not informing the jury that Melendez's counsel was correct in her characterization of IPI Civil No. 20.01; (3) should have substantively responded to the jury question about IPI Civil No. 20.01; and (4) should have barred Dr. Zimmerman's testimony as cumulative.

¶ 10 Regarding the first claim, Melendez contended that Wiesman violated the circuit court's grant of Melendez' motion *in limine* No. 3 to bar evidence of prior "non-breast surgeries," which should have resulted in a mistrial. In support, she claimed that during testimony, defense counsel "projected three images of [Melendez] nearly nude and in a clearly post-operative setting and state," which occurred "whilst Defense counsel, whose computer screen was displayed on the projector screen, was scrolling through a file containing Plaintiff's medical records." Melendez's

counsel objected and moved for a mistrial. At sidebar, the court admitted it had not seen the screen during the incident, but after questioning defense counsel, determined that an unintentional error had occurred and reserved the issue of mistrial until after testimony concluded for the day. After dismissing the jury for the day, the court reviewed the images at issue, and again reserved the mistrial motion, concluding, according to Melendez, that "a mistrial was not necessarily warranted at that moment." In her post-trial motion, Melendez now complained that this reservation was in error, and the court instead should have granted the mistrial.

¶ 11    On the second claim, Melendez argued that the circuit court prejudiced her during closing arguments through a series of actions, including improperly shortening her rebuttal, and suggesting to the jury that counsel was misstating the law by instructing her to "move on" and emphasizing that only the court would instruct the jury on the law. Melendez further complained that the court mishandled a defense objection to her counsel's contention that the jury need not be unanimous on which of the four alleged negligent acts Wiesman committed, so long as each juror concluded he committed at least one of the four. This proposition of law, Melendez contended, was accurate under *Galich v. Advocate Health and Hospital Corp.*, 2024 IL App (1st) 230134, but the court failed to clarify this to the jury, and instead was visibly and audibly upset with her counsel during a sidebar on the issue.

¶ 12    Melendez next contended that the circuit court had a duty to respond to the jury's question about IPI Civil No. 20.01, and it was improper for the court to instead ask for clarification as "the events of that morning's closing arguments made it clear" the jury was referencing the *Galich* unanimity issue. She cited an email her counsel sent to the court on the morning of the October 25, 2024, asking the court to respond substantively to the jury's question, which she alleged the

court ignored. Melendez also explained in the post-trial motion that she filed the October 25 emergency motion after the jury reached their verdict "to ensure that it was included in the record."

¶ 13    Finally, Melendez argued that Dr. Zimmerman's testimony was cumulative to that of two other defense witnesses, Dr. Geldner and Dr. Ashpole, who thoroughly testified on the issue of whether she suffered a post-operative infection before Dr. Zimmerman took the stand.

¶ 14    Wiesman responded to the post-trial motion, arguing generally that Melendez's claims were insufficiently supported because they depended on review of specific passages of the trial, but she failed to provide transcripts for those passages, and instead expected the circuit court to trust her "own memories." Specific to each claim, Wiesman contended (1) Melendez waived the mistrial argument by not raising it before the jury rendered a verdict, and even absent waiver, the photographic display issue did not reach a level of prejudice necessitating a new trial; (2) the court's conduct during closing arguments was not improper or prejudicial, as the court overruled Wiesman's objection to Melendez's attorney's characterization of IPI Civil No. 20.01; (3) the jury question claim failed because Melendez's counsel agreed to the court asking for clarification, and the decision was well within the court's discretion in any event, and (4) Dr. Zimmerman's testimony was not cumulative, and to the degree there was "overlap," Melendez had not shown prejudice sufficient to warrant a new trial.

¶ 15    The circuit court denied Melendez's post-trial motion on May 16, 2025. The court substantively addressed each claim in its written order. On the mistrial issue, it found, "[T]he display of the photos is not a sufficient basis, alone or in combination with other claims of error, to grant a mistrial or to grant the Motion and order a new trial. Plaintiff has not demonstrated that this brief display prejudiced her case, nor that it denied her a fair trial." The court also emphasized that the parties failed to timely enter a written order on the motions *in limine* into the record.

Respecting the closing arguments, the court stated that Melendez "was not denied a fair trial by any comments by the court," and as to the *Galich* issue, "The court told counsel that he would accept her representation regarding the holding in *Galich*, overruled the objection, and permitted the plaintiff to continue on with her argument." On the jury question issue, the circuit court explained, "The court did not decline to answer the question. Rather, after consultation with counsel on the record," it sent its response, an action well within its discretion under Illinois law. Finally, the circuit court rejected the argument that Dr. Zimmerman's testimony was cumulative, as the testimony "focused on causation rather than on standard of care."

¶ 16    Melendez filed her notice of appeal on June 13, 2025.

¶ 17                                JURISDICTION

¶ 18    The circuit court denied Melendez's post-trial motion on May 16, 2025, and she filed her notice of appeal on June 13, 2025, giving this court jurisdiction pursuant to article VI, section 6 of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017).

¶ 19                                ANALYSIS

¶ 20    On appeal, Melendez argues the circuit court erred in denying her post-trial motion because each of her four claims therein justified a new trial. Wiesman first responds that Melendez's appeal fails because she did not provide an adequate record for consideration of her claims. We begin with this argument.

¶ 21    It is well-established that the appellant has the burden to provide a sufficient record for review of their claims. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). If the appellant fails to provide a sufficient record, "it will be presumed that the order entered by the trial court was in

conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392.

¶ 22   The record on appeal does not contain reports of proceedings for any aspect of the trial, from the arguments on motions *in limine* through the closing arguments and jury's verdict. The only attempt at submitting a report of proceedings comes in Melendez's appendix to her opening brief, which contains a transcript for a single session of testimony, during which the inadvertent display of the photographs occurs. The transcript also includes the post-testimony exchanges between the circuit court and counsel about the incident, and culminates in the court reserving on Melendez's motion for a mistrial. Unfortunately for Melendez, we cannot consider this submission because parties on appeal cannot supplement the record by submitting documents in an appendix. *Scepurek v. Board of Trustees of Northbrook Firefighters' Pension Fund*, 2014 IL App (1st) 131066, ¶ 2. We are sympathetic that Melendez is a *pro se* litigant, but we cannot relax the rules on this basis. See *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78.

¶ 23   Given the state of the record, we find that three of Melendez's claims—(1) the denial of a mistrial due to the inadvertent display of certain photographs, (2) the circuit court's conduct during closing arguments, and (3) the admission of Dr. Zimmerman's testimony—must fail. Even if we considered the improperly submitted transcript portion from Melendez's appendix, we still could not determine the degree to which the display of the photographs prejudiced Melendez without considering the trial proceedings as a whole. See *Van Hattem v. Kmart Corp.*, 308 Ill. App. 3d 121, 129 (1999) ("Only where there is an occurrence of such character and magnitude as to deprive one party of a fair trial and actual prejudice results will a mistrial be granted."). Similarly, we cannot determine whether the court's comments during closing arguments demonstrated bias

without access to the actual comments, or whether Dr. Zimmerman's testimony was cumulative to Dr. Geldner's and Dr. Ashpole's without reviewing the testimony of each witness.

¶ 24   On the jury question claim, however, we find that the record is sufficient for this court to consider the substantive merits, as the jury's question, the circuit court's response, and the relevant email exchanges underlying Melendez's claim all appear in the record on appeal.

¶ 25   "The general rule is that the trial court has a duty to provide instruction to the jury where it has posed an explicit question or requested clarification on a point of law." *People v. Childs*, 159 Ill. 2d 218, 228-29 (1994). If the jury's question is unclear, "it is the court's duty to seek clarification of it." *Id.* A court's failure to abide by these strictures may constitute prejudicial error. *People v. Lewis*, 2022 IL 126705, ¶ 58. We review the circuit court's conduct in responding to a jury's question for abuse of discretion. *Cipolla v. Village of Oak Lawn*, 2015 IL App (1st) 132228, ¶ 30.

¶ 26   The jury question at issue read, "We, the jury, would like an explanation of the first sentence" in reference to IPI Civil No. 20.01, the first sentence of which reads, "The plaintiff claims that she was injured and sustained damage, and that the defendants were negligent in one or more of the following respects." The circuit court responded, "I am in receipt of your question requesting explanation of the first sentence of an instruction. Specifically, what are you asking to be explained?" The jury returned a verdict before responding to the court's request for clarification.

¶ 27   We find that the circuit court did not abuse its discretion in asking the jury to clarify its question. The question did not specify which aspect of the sentence it did not understand; while it is possible that the jury was confused about the negligence unanimity issue (as Melendez proffers), this conclusion, or any other, is not so obvious from the question that the court's request to clarify was tantamount to a refusal to answer in violation of its duty under *Childs*. See *People v. Jaimes*,

9

2019 IL App (1st) 142736, ¶¶ 49-52 (In a situation where a jury's note was subject to "multiple rational interpretations," the court found "we cannot fault the trial court for asking the jury to clarify its note."). Moreover, the fact the jury reached a verdict before answering the court's question is indicative that any confusion it may have had over the issue was insufficient to prevent it from finding for the defendants.

¶ 28    Melendez argues that the question was sufficiently clear to trigger the circuit court's duty to respond pursuant to *Childs*, making its request to clarify equivalent to an improper refusal to answer. This argument is belied by the record—the inference Melendez suggests that the jury could only have been referring to the negligence theory unanimity issue, is not supported by the available record, and to the degree the absent transcripts would have informed this analysis, we must construe their absence against Melendez. *Foutch*, 99 Ill. 2d at 391-92.

¶ 29    Finally, Melendez argues that the circuit court improperly ignored her counsel's email the morning of October 25 requesting that the court substantively answer the question, and also references the emergency motion she prepared but was unable to file before the jury returned its verdict. Neither the email nor untimely emergency motion provide any ground for relief. It was incumbent upon Melendez's counsel to raise the issue below by filing a timely emergency motion requesting that the circuit court update its response to the jury's question, and procure an order on said motion; Melendez cannot raise this issue for the first time on appeal having failed to properly present and preserve it below. See *Kopf v. Kelly*, 2024 IL 127464, ¶ 77.

¶ 30                                                    CONCLUSION

¶ 31    We affirm the circuit court's order denying Melendez's post-trial motion because her claims regarding the mistrial, closing arguments, and testimony of Dr. Zimmerman all require

consideration of the trial transcripts, which she failed to provide. Additionally, the available record

shows that the circuit court's handling of the jury question was appropriate under Illinois law.

¶ 32    Affirmed.